### ARSBURN HARRELL v. THE STATE.

#### No. 2028. Decided February 21, 1900.

**1. Assault with Intent to Murder—Malice—Charge.**

On a trial for assault with intent to murder, the failure of the court to give a proper definition of "malice" will require a reversal of the judgment.

**2. Same—Malice Aforethought—Express and Implied Malice.**

Where the court charged that "malice aforethought is that condition of mind without which no homicide will be murder. It may be either express, as indicated by a previously formed design to kill, executed or attempted with sedate mind, or it may be implied from the fact of an unlawful killing under circumstances failing to show a previously formed design or sedate mind, but at the same time lacking in all elements of justification, excuse, or extenuation." Held, not a full and correct definition of "express" and "implied malice." The intent to kill, in express malice, must be formed in a sedate and deliberate mind.

**3. Murder in Second Degree—Formed Design.**

In murder in the second degree, there is a previously formed design, but not in a sedate and deliberate mind.

APPEAL from the District Court of Houston. Tried below before Hon. A. D. LIPSCOMB.

Appellant was tried in the District Court of Houston County for "assault with intent to kill and murder" one Rufe Walker, and was convicted, his punishment being assessed at two years confinement in the State penitentiary.

The opinion of the court having discussed only the matter of law, raised by appellant, no statement of the facts is deemed necessary.

*J. W. Madden,* for appellant, filed an interesting brief, citing numerous authorities, a number of them being cited in the opinion of the court below.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years, and he prosecutes this appeal.

In the view we take of the case, it is only necessary to consider one assignment of error, which involves the failure of the court, as alleged

by appellant, to give the jury any definition of "malice" or "malice aforethought." The Assistant Attorney-General, on the other hand, insists that the following was a sufficient charge on that subject: "Malice aforethought is that condition of mind without which no homicide will be murder. It may be either express, as indicated by a previously formed design to kill, executed or attempted with sedate mind, or it may be implied from the fact of an unlawful killing under circumstances failing to show a previously formed design or sedate mind, but at the same time lacking in all elements of justification, excuse, or extenuation." This charge, we consider, is not even a full and correct charge defining "express" and "implied malice." The intent to kill, in express malice, as we understand, must be formed in a sedate and deliberate mind. The sedate mind here merely refers to the homicide itself. In the definition of "implied malice," the jury are instructed that they can infer the same from the unlawful killing under circumstances failing to show a previously formed design or sedate mind. We have always understood that in murder in the second degree there is a previously formed design, but not in a sedate and deliberate mind. But, aside from this, even if it be conceded that the charge on express and implied malice was correct, still the decisions hold that in murder, or assault with intent to murder, there must be a definition of "malice." Moody v. State, 30 Texas Crim. App., 423; Hodges v. State, 3 Texas Crim. App., 470; Ainsworth v. State, 29 Texas Crim. App., 599; Crook v. State, 27 Texas Crim. App., 198. For the failure of the court to give a proper definition of "malice," the judgment is reversed and the cause remanded.

*Reversed and remanded.*