### R. W. TURNER v. THE STATE.

No. 2507. Decided December 18, 1901.

Motion for Rehearing Overruled May 21, 1902.

**1.—Continuance.**

An application for continuance for a witness beyond the process of the court is properly overruled where no diligence is shown and where affidavits are on file controverting the statements as to the facts expected to be proved by the absent witness.

ON MOTION FOR REHEARING.

**2.—Forgery and Uttering Forged Instrument—Verdict—Reforming Judgment. Practice on Appeal.**

Where the indictment was for uttering a forged instrument, and the verdict was a general one, but the judgment of the lower court was for forgery, the judgment will, on appeal, be reformed under article 904, Code Criminal Procedure, so as to conform to the charge in the indictment. Following Burks v. State, 55 S. W. Rep., 824, which overruled Small v. State, 38 S. W. Rep., 708; Barfield v. State, 41 S. W. Rep., 610, and Womble v. State, 43 S. W. Rep., 114.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No general statement of the facts of the case is necessary,

After the case was affirmed on appeal, December 18, 1901, appellant filed a motion for rehearing, "because the court erred in not consider-

ing and in not reversing the judgment of the lower court on account of the error set forth and shown in appellant's supplemental assignment of error, which said assignment is as follows: 'The verdict of the jury and the judgment of the court herein finding and adjudging defendant guilty of the offense of forgery is error and is unwarranted by the law, because there is no indictment charging this defendant with said offense of forgery, but this defendant was charged by indictment with and tried for the offense alone of knowingly passing as true a forged instrument, and his conviction herein for another and different offense is illegal and unauthorized by the indictment and evidence in this case.' "

In response to this motion, the Assistant Attorney-General filed the following motion to reform the judgment.

"Now comes the State by the Assistant Attorney-General, and would show the court:

"(1) That on the day that the judgment was rendered in this cause, to wit, October 28, 1901, appellant was on trial by indictment for the offense of uttering a forged instrument; that he was duly tried for uttering a forged instrument; that the court charged the jury submitting the issue only of uttering a forged instrument; that the verdict of the jury was as follows: 'We the jury find the defendant guilty and assess his punishment at two years' confinement in penitentiary. J. P. Pool, foreman.' Copy of said verdict being hereto attached and made a part of this motion. That subsequently on April 12, 1902, the county attorney representing the State made a motion in the court below asking that the judgment which adjudged appellant guilty of forgery and the sentence which sentences appellant to confinement for the offense of forgery, be corrected, and the judgment entered nunc pro tunc adjudging him guilty of the offense for which he was tried, that is, for uttering a forged instrument; that the trial court afterwards, on May 7, 1902, declined to enter said judgment nunc pro tunc, and refused to grant the motion of the State as aforesaid.

"(2) The State would show that the predicate for said judgment and sentence was a verdict of the jury which adjudged appellant guilty of uttering a forged instrument, a different and distinct offense from that of forgery, and that the clerk in the court below erroneously entered the judgment and sentence adjudging appellant guilty of forgery, when the court below heretofore entered the judgment and sentence adjudging appellant guilty of uttering a forged instrument, as shown by papers hereto attached, marked exhibit A.

"Wherefore, the State prays that said judgment and sentence be reformed as provided by article 904, Code of Criminal Procedure, which authorizes this court 'to reform and correct the judgment as the law and evidence of the case may require.'

"Respectfully submitted that appellant being tried for, the jury having been charged to find, and the jury having found defendant guilty of uttering a forged instrument, and that there having been entered the incorrect judgment adjudging appellant guilty of forgery, that

the same is an incorrect judgment in the court below, and by virtue of this article and within the exercise of the jurisdiction of this court said judgment should be so corrected adjudging appellant guilty of uttering a forged instrument, and the sentence should so be corrected sentencing appellant to the penitentiary for the offense of uttering said forged instrument. Wherefore the State prays that the same be reformed as aforesaid."

*Martin & Martin* and *James C. Wilson,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for The State.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years.

Error is assigned because the court overruled appellant's motion for continuance for want of the testimony of R. L. Turner, father of appellant. The application shows that he expected to prove by his father, who resided at the time of the trial in the Indian Territory, that he gave appellant authority to sign the name of S. L. Turner to the note upon which forgery is predicated in this case. No diligence is shown to secure the attendance of said witness. Besides, the witness is beyond the process of the courts of this State. Furthermore, we find in the record two controverting affidavits that the absent witness had told affiants that the note in question was a forgery. There was no error in the court's action overruling the application.

It is also contended the verdict of the jury is contrary to the evidence. We are of opinion that the evidence is amply sufficient to support the finding of the jury. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—The judgment in this case was affirmed at the Tyler term, and now comes before us on motion for rehearing. Appellant contends that as the indictment charges uttering a forged instrument, and the judgment and sentence finding him guilty of forgery, the cause should be reversed because he has been convicted of an offense different from that charged in the indictment.

An inspection of the record shows that the indictment charges appellant with uttering a forged instrument. The verdict was general, finding defendant guilty, as charged in the indictment. The judgment entered against appellant was for forgery, and not for uttering a forged instrument in writing. The Assistant Attorney-General has filed a motion to reform and correct the judgment, in accordance with the provisions of article 904, Code of Criminal Procedure, and in support of this contention we are referred to Burks v. State, 55 S. W. Rep., 824.

An inspection of that case shows that the question was decided in accordance with the request contained in the motion. Said case overrules the former cases of Small v. State, 38 S. W. Rep., 798; Barfield v. State, 41 S. W. Rep., 610; Womble v. State, 43 S. W. Rep., 114. But it is now the law. In accordance therewith the motion is granted, and the judgment will be corrected so as to make the same conform to the indictment and original verdict of the jury, and the sentence as it appears in the transcript.

The motion for rehearing is overruled.

*Overruled.*