## BUD LAUDERMILK v. THE STATE.

### No. 3077. Decided December 7, 1904.

**1.—Forgery—Continuance—Flight—Rebuttal.**

Where defendant sought the testimony of the absent witness to rebut the State's theory of his flight, the application for continuance should have disclosed the circumstances under which he told the absent witness where he was going and that he went there directly, and that this was not a confidential statement. to said witness; besides he could have easily proved the manner of his departure, if he had desired to do so, by his relatives and friends in the county of the trial.

**2.—Same—Bill of Exceptions—Affidavit—Practice.**

Where an affidavit complaining of the court's qualifications of appellant's bills of exception was filed after the twenty days allowed to file the latter, and did not disclose what qualifications the court made, and that they were material and that appellant used. diligence in following up and having the court file his bill of exceptions, so that he might have procured bills from bystanders if necessary, and that appellant's rights had been injured, besides the fact that the qualifications were made without his knowledge and consent, the same will not be considered.

**3.—Same—Evidence—Date of Passing Forged Instrument—Parol Testimony.**

The date when defendant presented the alleged forged instrument and passed it could be shown by parol testimony in the first instance, and if he desired the books to show the date was different from that testified to by the witnesses, he should have introduced the books.

**4.—Same—Evidence—Circumstance Too Remote.**

Where the State's testimony as to the identity of the defendant was of a positive character, and it was not inconsistent· with the State's testimony that he may have — subsequent to the time that the prosecutor says defendant bought a suit of dark clothes with a money order about the 1st of November, 1898,— bought another suit of clothes of a dark color, it was not material that defendant was seen buying a suit of dark clothes at another place, ten or fifteen days prior to November 8, 1898, and there was no reversible error in excluding testimony of this kind.

**5.—Same—Evidence—Other Offenses.**

Evidence offered by defendant, who was on trial for forgery, that one C. forged a check purported to be signed by the party whose name is alleged to be forged to the instrument in the case on trial was not admissible, there being no evidence that said last mentioned instrument was in the handwriting or was similar to the handwriting of said C., or tending to show that he might have forged the same.

**6.—Same—Bill of Exceptions—Practice.**

Where the bill of exceptions complained of the sheriff in using coercive and persuasive measures to obtain appellant's confession, and the bill does not show that he did in fact use such means, and that certain statements made by appellant were incriminative, without resorting to the statement of facts, the same cannot be considered on appeal.

**7.—Same—Reforming Judgment and Sentence.**

Where the verdict and the judgment of the court show that appellant's punishment was fixed at two years confinement in the penitentiary, while the sentence placed it at five years, the Court of Criminal Appeals is authorized to reform and correct the sentence under article 904, Code Criminal Procedure.

Appeal from the District Court of Coleman. Tried below before Hon. Jno. W. Goodwin.

Appeal from a conviction of forgery; penalty, two years confinement in the penitentiary.

The following (slightly changed) taken from the brief for the State is a substantial, correct statement of the case:

The indictment contains three counts; only the first count, charging forgery, was submitted to the jury. The alleged forged instrument, as set out in the indictment, and shown by the testimony is as follows: "Coleman County, Tex. Mr. L. L. Shields, please let Emsley Griffit have fifteen dollars in merchandise and I will see that it is paid on or by December 15th, 1898. Respectfully yours, W. T. Stanphiel. This November 1st, 1898." The testimony shows that appellant presented this order to L. L. Shields, and secured certain goods—a suit of dark clothes, and a pair of shoes. Shields identified appellant as being the party, and his clerk believed him to be the party, who presented the order. Appellant's defense was an alibi. Appellant confessed to the sheriff to passing the order, but that he had procured it from Emsley Griffit. The uncontradicted proof showed that Emsley Griffit was dead at the time the order was passed and had been for about a year. Griffit was the brother-in-law of appellant. The court instructed the jury that they must believe beyond a reasonable doubt that appellant signed the name W. T. Stanphiel to the order, and that he did so without lawful authority and with intent to injure and defraud. He instructed the jury that if appellant procured the order from any other person or had a reasonable doubt thereof, they should acquit him.

*Woodward, Baker & Woodward*, for appellant.—Because the court erred in qualifying defendant's bills of exception, without first calling the defendant's counsel's attention to the desired changes, and without the consent of counsel or defendant to said changes, or qualifications.

It is the duty of the court, when he disagrees with counsel over a bill of exceptions to call counsel's attention to the change desired to be made, and if counsel will not consent to same, to prepare and file a court-bill, and a failure to present to counsel the desired change, or a failure to prepare and file a court-bill, makes the bill presented by counsel the true bill of exception, without such qualifications.

The court adjourned 27th day of February, 1904, motion for new trial overruled Sept. 24th, 1904 ;and defendant allowed twenty days within which to prepare and file bills of exception; the said bills of exception were presented to the court on the 3rd day of Oct., 1904, and was returned and filed by the court without the consent of counsel or his knowledge or the consent or knowledge of defendant, and filed Oct. 17th, 1904. Exon v. State, 33 Texas Crim. Rep., 461; Jones v. State, 33 Id., 7.

Any fact or circumstance, that tends to show that some one else other than defendant, committed the alleged crime for which the defendant stands charged, or that will shed any light upon the case is admissible,

and reversible error to exclude same. McGuire v. State, 10 Texas Crim. App., 125; Grinnett v. State, 22 Id., 36.

The court erred in permitting the witnesses Shield and Rendleman to testify over defendant's objection, to·the date that the order was presented, for the reason that the books were the best evidence, and for the reasons shown in bill of exceptions.

On proposition of alibi: Miller v. State, 7 Texas Ct. Rep., 324, On proposition of confession: Code Crim. Proc., 789; Id., 790. On proposition of refusing a continuance: Wilson v. State, 18 Texas Crim. App., 576; Irvine v. State, 20 Id., 12; McDow v. State, 10 Id., 98.

*Howard Martin,* Assistant Attorney-General, for the State.—The court did not err in refusing to permit appellant to prove by Morris, Henderson and Gafford, that one Ed Collier was guilty of forging orders in the community about the time this alleged offense was committed. No connection whatever was attempted to be shown between Collier, this appellant and the forgery in question. Wallace v. State, 81 S. W. Rep., 966.

Bill number 5 relates to the action of the court in refusing to permit appellant to prove by witness John Terry, that he saw appellant buy a dark suit of clothes in DeLeon, Comanche County, ten or fifteen days previous to the 8th day of November, 1898. Appellant insists that this testimony was competent, inasmuch as a dark suit of clothes worn by appellant assisted some of the State's witnesses to identify him. The State's answer is, that this testimony, if admissible, under the facts of the case, is not of sufficient importance to require a reversal. Independent of the dark suit·of clothes worn by him he was amply identified as the party who passed the order, beyond any reasonable doubt. In fact he admitted it to the sheriff.

HENDERSON, JUDGE.—This conviction was for forgery.

Appellant made a motion for continuance, which was overruled by the court, and he reserved his bill of exceptions. His motion is based on the absence of Mont Manchester, for whom he had used due diligence. He says he expected to prove by said witness that defendant rode with him on the train from Dublin to Waco, Texas, and that defendant was not trying to conceal his identity or run out of the country. In this connection it is stated, that the State's theory was that defendant committed the forgery, and then fled the country, and attempts to prove this fact by the sheriff of Coleman County, who arrested defendant at Ducktown, Tennessee. Appellant expected to prove by said witness further that he told him on the train he was going to Ducktown. We are not prepared to say that said testimony may not have been admissible as tending to show that appellant did not flee the country. However, the circumstances under which he may have told Manchester where he was going are not disclosed; nor is it shown that he went direct to Ducktown, Tennessee, when he left Comanche County. This offense

was committed in 1898. The arrest does not appear to have been until sometime in 1903, at Ducktown, Tennessee, so that it does not appear to have been known by the authorities where appellant had gone. If this matter was disclosed to Manchester, confidentially, it would afford no evidence of the publicity of his going abroad. But concede that the testimony was admissible, appellant's relatives, who lived in Comanche County, and his friends there, must have known where he was going, and it would have been an easy matter for appellant to have secured this character of testimony had he desired it, and he did introduce some testimony on the point. This is not the character of testimony for want of which this case will be reversed.

Appellant has filed in this court for the first time an affidavit by J. K. Baker, Esq., one of his attorneys, which shows that the bills of exception were prepared by appellant's attorneys and presented to the judge on the 3rd of October, 1904, and within twenty days allowed by law in which to prepare and file bills of exception; that the court qualified most of said bills, and had the same filed on the 17th of October, 1904,—the last day on which they could be filed; that appellant did not know of the qualifications until after the bills were filed, and did not consent thereto, and he had no opportunity to secure bills of exceptions by bystanders. If a matter of this character can be raised by affidavit merely, certainly the affidavit must disclose some injury to the appellant by the action of the court. Here we are not informed what changes or qualifications were made to the various bills of exception, nor is it disclosed that said qualifications were not in accordance with the facts connected with the bill. It is merely said in this regard that the qualifications were made without the knowledge or consent of defendant's attorneys. In the shape presented we cannot take cognizance of this matter.

Appellant complains of the action of the court which permitted witnesses Shields and Rendleman to testify as to the date when appellant should have presented the alleged forged instrument and passed it on them. He claims that they could not give parol testimony of the date, because the date of the alleged pesentation of the order was contained in the books of said Shields. The court, in his explanation, shows that there was no evidence that any entry was made in the books of prosecutor as to the date when said order was presented. However, whether this was true or not, the witnesses were authorized to testify as to the date. The books could be merely used to refresh the memory of the witnesses, if they contained such entry of date. In a matter of this sort parol testimony of the witnesses was original evidence. If appellant desired the books to show the date was different from that testified by the witnesses, he should have secured a subpœna duces tecum, and had the books brought into court.

It occurs to us that the testimony of John Terry, to the effect, that he saw defendant buy a dark suit of clothes in DeLeon, Comanche County, ten to fifteen days prior to November 8, 1898, was too remote.

Appellant says he desired this testimony to rebut the State's evidence to the effect that one of the State witnesses saw defendant coming from the direction of Santa Anna about the last of October, 1898, with a dark suit of clothes and pair of shoes. This we presume was adduced by the State as a circumstance showing that the alleged forgery occurred about the first of November, 1898, as the prosecutor says appellant bought a suit of dark clothes with a money order at that time. The testimony excluded was for the purpose of showing that appellant got a dark suit of clothes elsewhere about that time. It does not occur to us that this excluded testimony, even if it was admissible, was of a material character. The testimony of the State as to the identity of appellant was of a positive character, and it was not inconsistent with the State's testimony that defendant may have subsequently bought another suit of clothes of a dark color.

Nor did the court err in excluding evidence offered by appellant that Ed Collier forged a check purported to be signed by W. P. Stanphill, the party whose name is alleged to be forged to the instrument in this case. There is no testimony pertinently tending to connect Ed Collier with the forgery of which appellant was tried. There is no evidence showing that the alleged forged instrument here was in the handwriting of said Collier or similar to his handwriting. Before evidence of this character is admissible, there must be something to show that the testimony would be relevant to meet some issue in the case. It was of another and distinct offense, with which Collier was connected. There is no testimony tending to show that Collier might have forged the instrument involved in this case.

There is nothing in appellant's objections to the testimony of the witness Robert Goodfellow. The bill does not show that he used any coercion or persuasive measures to obtain the confession of appellant. Moreover the confession is not stated in the bill of exceptions.

We have examined the court's charge and believe it is a full and fair exposition of all the issues in the case, and superseded the necessity of giving the special charges requested by appellant on the same subject. The other requested charges were not called for.

The verdict of the jury and the judgment of the court show that appellant's punishment was fixed at *two* years confinement in the penitentiary, while the sentence recites, "and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for *five* years," etc. Under article 904, Code Criminal Procedure, this court is authorized to reform and correct the judgment and sentence; and it appearing that the sentence of five years in the penitentiary was a clerical error, it is ordered that the sentence be corrected so as to conform with the verdict of the jury and judgment of the court of two years in the penitentiary. Turner v. State, 44 Texas Crim. Rep., 69; Burks v. State, 55 S. W. Rep., 824. As reformed, the judgment is affirmed.

*Reformed and affirmed.*

ON REHEARING.

December 20, 1904.

HENDERSON, JUDGE.—In appellant's motion for rehearing he points out that the court was in error in stating in the original opinion that the affidavits with reference to the explanation of the court appended to his bills of exception were filed for the first time in this court. We note that we were technically incorrect in making that statement. However, whether they were filed in the court below after the expiration of the term of court, and after the twenty days allowed to file bills of exception, or filed in this court, is immaterial. The affidavits were in fact filed in the court below, but filed after the term, and after the twenty days allowed for filing bills of exception. So far as the question is concerned they had as well have been filed in this court. We adhere to the views expressed in the original opinion upon this point. Appellant does not show in his affidavits what qualifications the court made to the bills of exception, or that the same were material in character. Moreover, sufficient diligence was not shown by appellant in following up his bills of exception and having the court file them in ample time so that he might have procured bills from the bystanders. For a discussion of this question see Ance Moore v. State, decided at the present term.

Appellant asks us to review the action of the court as to the testimony of Robert Goodfellow. We said in the original opinion that the bill did not show that the sheriff Goodfellow used any coercive or persuasive measures to obtain any confession of appellant; and we further stated that the confession claimed to have been made was not stated in the bill. It is insisted we were in error in so holding. We refer to the bill itself in order to bear out what we stated on the subject. It is shown in the bill that the sheriff stated he warned appellant for the purpose of questioning him and picking out of him some evidence for the State; but it does not show that in fact he did, by undue means or improper questions, pick out any testimony from the defendant. Again, it is shown in the bill that appellant stated he procured the alleged forged instrument from one Griffiths. The bill does not show in connection with other testimony that this was incriminative of appellant in the alleged forgery or passing of the alleged forged instrument. Of course, there might be circumstances which would make this apparently exculpatory statement, inculpatory in fact. But this should have been stated in the bill. If we were permitted to recur to the statement of facts to help out the bill, we would see that the witness Goodfellow did state that appellant admitted to him that he passed the alleged forged instrument on the prosecutor. But the bill does not contain this fact. We cannot look to the statement of facts to help out the bill. We do not deem it necessary to discuss other questions, as they were thoroughly reviewed in the original opinion. The motion for rehearing is accordingly overruled.                    *Overruled.*

Brooks, Judge, absent.