This conviction was for forgery.
Appellant made a motion for continuance, which was overruled by the court, and he reserved his bill of exceptions. His motion is based on the absence of Mont Manchester, for whom he had used due diligence. He says he expected to prove by said witness that defendant rode with him on the train from Dublin to Waco, Texas, and that defendant was not trying to conceal his identity or run out of the country. In this connection it is stated, that the State's theory was that defendant committed the forgery, and then fled the country, and attempts to prove this fact by the sheriff of Coleman County, who arrested defendant at Ducktown, Tennessee. Appellant expected to prove by said witness further that he told him on the train he was going to Ducktown. We are not prepared to say that said testimony may not have been admissible as tending to show that appellant did not flee the country. However, the circumstances under which he may have told Manchester where he was going are not disclosed; nor is it shown that he went direct to Ducktown, Tennessee, when he left Comanche County. This offense *Page 430 
was committed in 1898. The arrest does not appear to have been until sometime in 1903, at Ducktown, Tennessee, so that it does not appear to have been known by the authorities where appellant had gone. If this matter was disclosed to Manchester, confidentially, it would afford no evidence of the publicity of his going abroad. But concede that the testimony was admissible, appellant's relatives, who lived in Comanche County, and his friends there, must have known where he was going, and it would have been an easy matter for appellant to have secured this character of testimony had he desired it, and he did introduce some testimony on the point. This is not the character of testimony for want of which this case will be reversed.
Appellant has filed in this court for the first time an affidavit by J.K. Baker, Esq., one of his attorneys, which shows that the bills of exception were prepared by appellant's attorneys and presented to the judge on the 3rd of October, 1904, and within twenty days allowed by law in which to prepare and file bills of exception; that the court qualified most of said bills, and had the same filed on the 17th of October, 1904, — the last day on which they could be filed; that appellant did not know of the qualifications until after the bills were filed, and did not consent thereto, and he had no opportunity to secure bills of exceptions by bystanders. If a matter of this character can be raised by affidavit merely, certainly the affidavit must disclose some injury to the appellant by the action of the court. Here we are not informed what changes or qualifications were made to the various bills of exception, nor is it disclosed that said qualifications were not in accordance with the facts connected with the bill. It is merely said in this regard that the qualifications were made without the knowledge or consent of defendant's attorneys. In the shape presented we cannot take cognizance of this matter.
Appellant complains of the action of the court which permitted witnesses Shields and Rendleman to testify as to the date when appellant should have presented the alleged forged instrument and passed it on them. He claims that they could not give parol testimony of the date, because the date of the alleged pesentation of the order was contained in the books of said Shields. The court, in his explanation, shows that there was no evidence that any entry was made in the books of prosecutor as to the date when said order was presented. However, whether this was true or not, the witnesses were authorized to testify as to the date. The books could be merely used to refresh the memory of the witnesses, if they contained such entry of date. In a matter of this sort parol testimony of the witnesses was original evidence. If appellant desired the books to show the date was different from that testified by the witnesses, he should have secured a subpœna duces tecum, and had the books brought into court.
It occurs to us that the testimony of John Terry, to the effect, that he saw defendant buy a dark suit of clothes in DeLeon, Comanche County, ten to fifteen days prior to November 8, 1898, was too remote. *Page 431 
Appellant says he desired this testimony to rebut the State's evidence to the effect that one of the State witnesses saw defendant coming from the direction of Santa Anna about the last of October, 1898, with a dark suit of clothes and pair of shoes. This we presume was adduced by the State as a circumstance showing that the alleged forgery occurred about the first of November, 1898, as the prosecutor says appellant bought a suit of dark clothes with a money order at that time. The testimony excluded was for the purpose of showing that appellant got a dark suit of clothes elsewhere about that time. It does not occur to us that this excluded testimony, even if it was admissible, was of a material character. The testimony of the State as to the identity of appellant was of a positive character, and it was not inconsistent with the State's testimony that defendant may have subsequently bought another suit of clothes of a dark color.
Nor did the court err in excluding evidence offered by appellant that Ed Collier forged a check purported to be signed by W.P. Stanphill, the party whose name is alleged to be forged to the instrument in this case. There is no testimony pertinently tending to connect Ed Collier with the forgery of which appellant was tried. There is no evidence showing that the alleged forged instrument here was in the handwriting of said Collier or similar to his handwriting. Before evidence of this character is admissible, there must be something to show that the testimony would be relevant to meet some issue in the case. It was of another and distinct offense, with which Collier was connected. There is no testimony tending to show that Collier might have forged the instrument involved in this case.
There is nothing in appellant's objections to the testimony of the witness Robert Goodfellow. The bill does not show that he used any coercion or persuasive measures to obtain the confession of appellant. Moreover the confession is not stated in the bill of exceptions.
We have examined the court's charge and believe it is a full and fair exposition of all the issues in the case, and superseded the necessity of giving the special charges requested by appellant on the same subject. The other requested charges were not called for.
The verdict of the jury and the judgment of the court show that appellant's punishment was fixed at two years confinement in the penitentiary, while the sentence recites, "and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for five years," etc. Under article 904, Code Criminal Procedure, this court is authorized to reform and correct the judgment and sentence; and it appearing that the sentence of five years in the penitentiary was a clerical error, it is ordered that the sentence be corrected so as to conform with the verdict of the jury and judgment of the court of two years in the penitentiary. Turner v. State, 44 Tex. Crim. 69; Burks v. State, 55 S.W. Rep., 824. As reformed, the judgment is affirmed.
Reformed and affirmed. *Page 432 
 ON REHEARING. December 20, 1904.