## MIKE RODGERS v. THE STATE.

### No. 5401.    Decided June 11, 1919.

**1.—Carrying Pistol—Notice of Appeal.**

Where the record on appeal was defective as to showing notice of appeal properly entered on the minutes of the court, and the appeal was dismissed, the same is reinstated after the record in this behalf had been perfected.

**2.—Same—Carrying Pistol—Insufficiency of the Evidence—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, defendant at the time of carrying the pistol was on his own premises upon which he was a tenant, the conviction could not be sustained. Following Fuller v. State, 58 Texas Crim. Rep., 449 ,and other cases.

Appeal from the County Court of Nacogdoches.    Tried below before the Hon. J. M. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*S. M. Adams,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of notice of appeal; Maxey v. State, 41 Texas Crim. Rep., 556; Bird v. State, 61 id., 205; Albrecht v. State, recently decided.

MORROW, JUDGE.—The Assistant Attorney General has presented a motion to dismiss the appeal upon the ground that the record fails to show an entry on the minutes of the court of the notice of appeal or the recognizance. We find copied in the transcript before us copies of the appeal and recognizance, but the joint is made that there is nothing to show that these are recorded in the minutes of the court as required by law. This should appear from the certificate of the clerk, but in the present instance the certificate is to the effect that it contains a correct transcript of the proceedings had as the same appeared on file. If, as stated in the certificate, the matters copied in the record are merely from something that is on file the law is not complied with, and since the only evidence we have to guide us is the certificate of the clerk we must, since the point is made, sustain the motion. We will say, however, that if the notice

of appeal and recognizance are in fact recorded in the minutes of the court that permission will be granted to amend the certificate to accord with the fact·.

The motion is sustained and the appeal dismissed.

*Dismissed.*

### ON REHEARING .

### June 23, 1919.

MORROW, Judge.—The record having been perfected, the dismissal heretofore entered is set aside.

The prosecution is for unlawfully carrying a pistol. A pistol was taken from the possession of the appellant by officers. The State's witness describing the locality, says: "That the   appellant was in quarters at Mayo. He was there in quarters but not in any house, but near a house he claimed as his, which was the nearest house in forty or fifty feet from where the pistol was taken from him." The appellant claimed that he heard a noise behind his house and took his pistol in his hand and ran out the back door some fifty feet when he met the officers and was arrested; that the arrest was made at his house which he rented from the Mill Company at Mayo. There was no fence around his yard and no public road near it.

We think the evidence is insufficient to show that the appellant was unlawfully carrying a pistol. He had a right to one upon his own premises. He claims to have been upon his own premises, and this the State's testimony does not controvert but tends to corroborate. See Fuller v. State, 58 Texas Crim. Rep., 126; Mireles v. State, 80 Texas Crim. Rep., 649, 192 S. W. Rep., 241; McQueen v. State, 76 Texas Crim. Rep., 636, 177 S. W. Rep., 91; Harper v. State, 76 Texas Crim. Rep., 262, 174 S. W. Rep., 343; Gibbs v. State, 70 Texas Crim. Rep., 279.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*