### B. LEMCKE v. THE STATE.

No. 5558.  Decided December 10, 1919.

1.—Slander—Bill of Exceptions—Continuance.

Where the bill of exceptions failed to allege what defendant expected to prove by the absent witness or what diligence he used, the application was correctly overruled.

2.—Same—Misdemeanor—Requested Charges—Practice on Appeal.

Where the record failed to show that defendant requested charges to withdraw the argument of counsel in a misdemeanor case, the matter cannot be considered on appeal; besides, there was no error, and, the evidence supporting the judgment, the same is affirmed.

Appeal from the County Court of Matagorda. Tried below before the Hon. John F. Perry, judge.

Appeal from a conviction of slander; penalty, a fine of one hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of requested charges: Hooper v. State, 72 Texas Crim. Rep., 82; Warren v. State, 67 Texas Crim. Rep., 273, 149 S. W. Rep., 130.

LATTIMORE, JUDGE.—The appellant was convicted in the County Court of Matagorda County, of the offense of slander, and his punishment fixed at a fine of $100 and thirty days in the county jail.

There are three bills of exception in the record, one of which is to the refusal of the trial court to postpone or continue the case, because of the absence of a witness named Krueger, but the record contains no application for such continuance, and no order overruling the same. The bill of exceptions sets out nothing that appellant expected to prove by said witness, and nothing with regard to the diligence used to obtain his presence; and the matter presents no error.

The two remaining bills complain of remarks made by the attorneys prosecuting for the State. Appellant is charged with a misdemeanor and no special charges appear to have been asked in writing, directing the jury not to consider the matter complained of in the argument. This is necessary in misdemeanor cases. The court may have orally instructed the jury not to consider said matter, so far as the record shows; nor do we think the matter complained of, of sufficient moment to justify a reversal of the case, even if such a charge had been asked.

The evidence supports the verdict, and the judgment of the lower court will be affirmed.

*Affirmed.*