## F. SANDOVAL V. THE STATE.

No. 10423.   Delivered November 17, 1926.

Certiorari ordered December 23, 1926.

On motion to reinstate delivered April 6, 1927.

1.—**Transporting Intoxicating Liquor—No Judgment and Sentence Appeal Dismissed.**

The record before the court fails to show that judgment was entered on the verdict, or that sentence was passed on appellant, and the appeal must be dismissed. Final judgment is a prerequisite to appeal. See Art. 796, Vernon's C. C. P. 1925.

### ON APPLICATION FOR CERTIORARI.

2.—**Same—Writ of Certiorari Ordered.**

The motion of appellant for a writ of certiorari to the Clerk of the District Court of Tyler County requiring him to incorporate in the transcript the judgment sentence, and notice of appeal in this cause, is granted.

### ON MOTION TO REINSTATE.

3.—**Same—Cause Reinstated.**

The record having been corrected by the incorporation therein of the judgment and sentence, the case is now properly before the court for disposition.

4.—**Same—Search and Seizure—Without Warrant—Sustained.**

Where appellant and his co-defendant were seen near their automobile in possession of a sack and eight bottles of whiskey, the officers were justified in arresting them without a warrant. Having made a legal arrest, under the circumstances of this case, they were privileged to search, there being obvious probable cause for so doing. See Arts. 212-213, C. C. P. 1925, Angelo v. U. S., 269 U. S. 20, 70 Law Ed. 145, and other cases cited.

Appeal from the District Court of Tyler County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*G. C. Lowe* of Woodville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The record before us shows an indictment charging appellant with transporting intoxicating liquor, and the verdict of a jury finding him guilty and assessing his punishment at one year in the penitentiary. If judgment was ever entered on the verdict, or if sentence was ever passed on appellant, the record fails to show it. Final judgment is a prerequisite to appeal. Washington v. State, 91 Tex. Crim. Rep. 632, 240 S. W. 542. See also notes under Art. 796, Vernon's Ann. C. C. P., Vol. 3 (1925). The record contains a motion for new trial but fails to show that it was ever acted on by the court or that notice of appeal was given. Art. 827, C. C. P. (1925); Griffin v. State, 174 S. W. 351; Parish v. State, 177 S. W. 93; Haynie v. State, 92 Tex. Crim. Rep. 45; 241 S. W. 478.

The appeal must be dismissed.

*Dismissed.*

### ON APPLICATION FOR CERTIORARI.

MORROW, PRESIDING JUDGE.—The motion of the appellant for a writ of certiorari to the Clerk of the District Court of Tyler County, requiring him to incorporate in the transcript the judgment, sentence and notice of appeal in the above styled and numbered cause is granted.

*Certiorari granted.*

### ON MOTION TO REINSTATE.

MORROW, PRESIDING JUDGE.—The appeal was dismissed at a former day of this court on account of a defective record. The record having been perfected, the case is now properly before the court for disposition.

We find three bills of exceptions. Each of them relate to the objection to the testimony of the officers upon the ground that the information conveyed was inadmissible under the statute excluding testimony acquired through an illegal search. See Art. 727a, C. C. P.

As we understand the record, the appellant stopped his automobile at a point near some boarding cars in which some Mexican railway hands were living. One Williams was with the appellant and both got out of the car. The sheriff and his deputy had gone to the point for the purpose of watching them. They observed the appellant and the Mexicans around the automobile and also going back and forth to the boarding cars, making a good many trips. The appellant and Williams were seen to leave the car, Williams having a sack and the appellant eight bottles in his pockets, some of which were exposed to view and some of them were in his hands. He was arrested and the bottles were found to contain whiskey.

A felony committed in the presence and view of an officer justifies the arrest of the offender without a warrant. Arts. 212, 213, C. C. P., 1925; Hodges v. State, 6 Tex. Crim. App. 620, and other cases collated in Branch's Ann. Tex. P. C., Sec. 1979; Crippen v. State, 80 Tex. Crim. Rep. 293. It is not to be understood that an arrest may be made on mere suspicion. Art. 1, Sec. 9 of the constitution inhibits this. See Lacy v. State, 7 Tex. Crim. App. 411; Odenthal v. State, 290 S. W. 743.

In the present case there seems to have been more than a mere suspicion. There was probable cause to warrant the belief by the officers that the bottles contained whiskey or intoxicating liquor. They apparently were warranted under the facts in making the arrest upon the ground that an offense had been committed in their presence. Having made a legal arrest, they were privileged to search. See Agnello v. U. S., 269 U. S. 20, 70 Law Ed. 145; Samino v. State, 83 Tex. Crim. Rep. 481; Harper v. State, 84 Tex. Crim. Rep. 345; Jones v. State, 85 Tex. Crim. Rep. 538. In our judgment the facts in the present case do not bring it within the purview of Art. 727a, supra. See Battle v. State, 290 S. W. 762.

The judgment is affirmed.          *Affirmed.*