### M. LUCERA V. THE STATE.

No. 11313.   Delivered January 11, 1928.

**1.—Possessing Liquor of More Than One Per Cent of Alcohol by Volume— Bills of Exception—Incomplete.**

Where a bill of exception, complaining of the refusal of a continuance, fails to set out the application for a continuance, and another bill complaining of the admission of a search warrant, which fails to verify the objections by approved facts showing same to be true, such bills are incomplete and present no error.

**2.—Same—Continued.**

Where a bill of exception complains of the testimony of a deputy sheriff as to the result of a search of appellant's premises, and merely sets out the objections made to the introduction of such evidence, such bill is manifestly insufficient.

**3.—Same—Evidence—Of Contemporaneous Sales—Properly Admitted.**

Proof of sales of intoxicating liquor at or about the time of the alleged possession for purpose of sale, is always permissible.

**4.—Same—Evidence—Objections Thereto—Must Be Specific.**

An objection to the admission of certain testimony on the ground that it is irrelevant, immaterial and prejudicial, is too indefinite to bring anything before this court.

5.—Same—Impeaching Defendant—Proof of Other Sales—Properly Received.

There was no error in permitting the state on cross-examination of appellant to prove by him that he had been indicted for selling liquor to divers parties. Such proof is always admissible for purpose of impeachment. The indictments charging such other offenses, were also properly admitted in evidence.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Homer L. Pharr, Judge.

Appeal from a conviction for possession of liquor containing more than one per cent of alcohol by volume, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for possessing liquor containing more than one per cent of alcohol by volume, punishment one year in the penitentiary.

The facts in evidence sufficiently show the guilt of the accused. No brief appears to be on file for appellant.

The bill of exceptions attempting to bring before us the complaint of the overruling of the application for continuance, fails to set out the application, and is insufficient. Likewise the bill of exceptions complaining of the admission in evidence of a purported search warrant. Said bill contains objections made to the admission of said search warrant, but wholly fails to verify such objections by presenting any approved facts showing that the objections so made were true. The same is true of the bill of exceptions complaining of the admission in evidence of the officer's return on the search warrant. In the absence of some showing in the bill of exceptions, we are unable to say that the introduction of the search warrant and of the officer's return did not have some pertinent bearing upon an issue in the case.

There is a bill of exceptions to the testimony of the deputy sheriff stating what he found as a result of the search of appellant's premises. The bill sets out the objections made to the action of the court in admitting such testimony, but nothing further. Such a bill is manifestly insufficient.

There is a bill of exceptions containing objections to testimony of sales of liquor by appellant. Proof of sales of intoxicating liquor at or about the time of the alleged possession for purpose

of sale, is always held material. What we have just said applies also to the complaint appearing in bill of exceptions No. 6.

Bill of exceptions No. 7 presents objection to testimony of the officers that they found in appellant's possession a quantity of pear extract and lemon extract and beer. The objection to this testimony was that it was irrelevant, immaterial and prejudicial, and not a violation of the law for defendant to have such liquor. We are unable to say whether the evidence was material or whether it was a violation of the law. Such an indefinite general objection brings nothing before us. There is also a bill of exceptions complaining that the appellant as a witness was asked how many times he had been indicted for violating the prohibition law. Aside from the general objection that the testimony was irrelevant and immaterial, appellant objected on the ground that the indictment would be the best evidence. We have held that where one takes the witness stand in his own behalf, he may be asked if he has been indicted for a felony or an offense involving moral turpitude, and that it is not a good objection that the state should have produced the indictment. Appellant was also asked if he had not been indicted for selling liquor to J. T. Williamson. It is permissible for the state to prove appellant's indictment for such felony. What we have just said applies also to appellant's complaint that he was compelled to answer while a witness that he was indicted for selling liquor to Rufus Bundy.

There is a bill of exceptions complaining of the introduction of three felony indictments against appellant. Such proof had the effect of shedding light upon the credibility of appellant as a witness. We regard proof of the fact that the liquor found in appellant's place was put in the death cell at the jail and kept there until taken to a chemist for analysis, as presenting no error.

Appellant ran a store, and, according to the record in this case, sold liquor to a number of people at different times at said store. He took the witness stand and admitted his possession of liquor of various kinds. He denied having it for sale. The jury have solved this question against him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*