MALVIN HOLLIFIELD v. THE STATE.

No. 11637. Delivered May 30, 1928.
Rehearing denied November 7, 1928.

The opinion states the case.

*Earl M. Greer* of Wills Point, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for five years.

The record fails to show that notice of appeal was given. Without proper notice of appeal this court is without jurisdiction. Article 827 C. C. P.; Sandaval v. State, 293 S. W. 168; Rose v. State, 286 S. W. 230; Davidson v. State, 285 S. W. 831.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of five years.

The record having been perfected, the order of dismissal previously rendered is hereby set aside and the appeal is reinstated.

That the appellant killed Caloway Stroud by wounds inflicted upon him with a knife was shown by competent and uncontroverted evidence. No complaints of the court's charge are brought forward for review. There are three bills of exceptions. One of these is but an exception to the action of the court in overruling the motion for new trial, which presents no question of fact or other matter justifying discussion. The evidence is to the effect that prior to the homicide the appellant and Stroud were together and perhaps were, or had been, drinking intoxicants. A negro by the name of Davis met the appellant and deceased upon the public road and was accosted by the appellant. The witness was asked where he was going and was told that he had better stop. The witness said:

"I looked back there at him and I saw his knife in his hand. He asked me to stop again, but I didn't stop. He 'run' his hand in his bosom and I didn't stop. I supposed there would be trouble on the road and I kept going."

This testimony was objected to as irrelevant. The witness further said:

"He (appellant) did not make any effort to harm me, no more than running his hands in his bosom like he had something in his bosom that he would stop me with."

Neither the relevancy nor the harm of the testimony is perceived when considered in the light of the undisputed testimony and the verdict.

The appellant did not testify but called as a witness Mrs. Chandler, who testified in his behalf that shortly after the difficulty in which the deceased lost his life the appellant came to her home traveling rapidly and asked that she telephone for the officers. He said that there had been trouble; that Mr. Stroud had been hurt; that he was cut and that he (appellant) had cut Stroud because he threatened to shoot his heart out. He said he had been struck by Stroud and knocked down.

In commenting upon the testimony mentioned State's counsel said:
"Gentlemen of the Jury: This is the testimony of the defendant second-handed."

The appellant contends that the remark was an allusion to the appellant's failure to testify. To this contention we are unable to assent.

Finding no error, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the reception of Davis' testimony was hurtful to him. We have again carefully examined the evidence complained of. It seems to have been abundantly established that appellant was under the influence of intoxicating liquor. The conduct of appellant in the incident related by Davis was attributable to appellant's condition and the claimed injurious effect of such incident is we think largely magnified.

The motion is overruled.

*Overruled.*