ORAN STEWART AND SHERMAN STOUT V. THE STATE.

No. 12499.   Delivered April 24, 1929.
Rehearing denied June 27, 1929.

The opinion states the case.

*Moon & Wilson* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for six years.

No notice of appeal appears in the record. This court is without jurisdiction in the absence of proper notice of appeal. Attention is further called to the fact that no sentence appears in the record. This court is without jurisdiction in the absence of a sentence.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION TO REINSTATE APPEAL.

At a former day of this term this appeal was dismissed because the record contained no notice of appeal. This defect has been corrected, and the appeal will be reinstated and the case now considered on its merits.

But one question is raised on this appeal, viz: the insufficiency of the corroboration of the accomplice Copeland.

Boston's store in Clarendon, Donley county, was burglarized Sunday night, November 4, 1928, the safe forced and money taken. Among other moneys so taken was a one dollar bill which had been torn, and a clerk in said store testified that he had pasted a piece of paper on said bill in an effort to fasten it together. State's counsel handed him a one dollar bill which he said was the one he tried to fasten together. He testified:

"Yes, I see evidence on this bill of where I attempted to fasten it together. This small piece of paper here I had stuck across it. It wasn't stuck very good and did not hold."

There were imprints on the safe door which had been prized open. A bar about a foot long was shown the proprietor of the store by the district attorney, and he testified that he took this bar and stuck it in the holes where the safe door had been prized open and it fit these holes exactly. Copeland, the accomplice, fully made out a case for the State, and told of how the burglary was accomplished, and that he and the two appellants used a sledge hammer, a pinch bar, etc. He said the sledge hammer exhibited to him before the jury looked like the one they had used, and if the bar shown him while on the witness stand was straightened out it would look like the bar used by them. Copeland further testified that after the burglary was committed he and appellants drove to Amarillo. Officers took the stand and testified that on the morning of November 5th they found appellants out at a cold drink and lunch stand some miles from Amarillo. They took about fifty dollars from them, among which money was a torn one dollar bill which was identified as having been taken from appellant Stewart. The bill was in two pieces, one of which was in Stewart's pocket and the other in his watch pocket. In the turtle back of the car in which

appellants went to said lunch stand, was found a sledge hammer, a cold chisel and a pinch bar, which tools were exhibited to the officers on the trial and identified by them, as was the money found in Stewart's pocket. While there might have been a more careful connecting up in so many words of the testimony showing that the money found on Stewart was the money shown to and identified by the witness Cooper, the clerk in the burglarized store, and that the tool making the imprints in the safe door, was one of those found in the car of appellants the next morning, still we believe such to be the inevitable conclusion from a careful reading of the statement of facts. The only requirement of our statute in regard to corroboration of an accomplice is that there be other evidence than his which tends to connect the accused with the commission of the offense, and that such corroboration must go further than merely to show that an offense had been committed. We believe the testimony in this case corroborates the accomplice within the requirement of the statute.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was affirmed, we setting out in our original opinion that there was but one question involved, which was that of the sufficiency of the corroboration of an accomplice witness. This witness testified that the two appellants got him to go with them on the night of the alleged burglary to Clarendon from Amarillo, they stating their purpose to do a job. He described their movements, and, as stated in the original opinion, made out a case of burglary against them. In addition to what was set out in the original opinion as corroboration, we note that Florence Mitchell testified for the State that these two appellants carried her from Amarillo to Clarendon about a week before this alleged burglary and left her there. She further testified that she saw them again in Clarendon on the evening of the alleged burglary. They were arrested about 8:30 the next morning fourteen miles north of Amarillo, some seventy miles from Clarendon. The amount of money had by them and the accomplice Copeland substantially corresponded with the amount of money taken from the burglarized store. The identification of the torn dollar bill in Stewart's possession with a torn dollar bill taken from the burglarized house seems ample corroboration. In the back of the car

in which the two appellants went out to Adams' eating house fourteen miles north of Amarillo on the morning of their arrest, were found a sledge hammer, a chisel, and a pinch bar, etc., and the pinch bar being shown to the owner of the store, he said he had fitted it in the places on the door of his safe and his screen and that they fitted exactly. We are still of opinion that the facts in evidence fully measure up to the demand of the law of corroboration, namely, that the evidence, aside from that of the accomplice, tends to connect the parties accused of the crime.

The motion for rehearing will be overruled.

*Overruled.*