## J. L. WHEELER v. THE STATE.

No. 13830.    Delivered December 3, 1930.
Reinstated and Affirmed January 21, 1931.
Rehearing Denied October 7, 1931.

The opinion states the case.

*Marshall & Crunk,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

While it appears that notice of appeal was timely given, there is nothing to show that said notice was recorded in the minutes of the court as required by law. This should appear from the certificate of the clerk, but in the present instance it merely appears that the instrument containing the notice of appeal was filed. The appeal must be dismissed. Rogers v. State, 213 S. W., 637.

The appeal is dismissed. Appellant is granted 15 days from this date in which to perfect the record.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been exam-

ined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

CHRISTIAN, JUDGE.—It is now made to appear from the supplemental transcript filed since the dismissal of the appeal herein that notice of appeal was duly entered in the minutes of the trial court. Hence the appeal is reinstated, and the case considered on its merits.

As the sheriff of Garza county was carrying the dishes from the jail to the American Cafe he saw appellant enter the back door and advance to the center of the cafe. Seeing the sheriff, appellant tried to get by him. He was carrying a bulky object under his coat, which the sheriff thought was a fruit jar. A scuffle ensued, which resulted in the discovery of the fact that appellant was transporting a fruit jar containing a half-gallon of whisky. Appellant was not interested in the cafe and was not one of its employees. According to the testimony of the sheriff, appellant tried to run over him when he attempted to stop him. Appellant's mother testified that she required whisky for medicinal purposes. According to appellant's version, he had bought the whisky from a bootlegger, whose name he did not know for the use of himself and mother. It further appears from the testimony of appellant that he requested the bootlegger to drive to the rear of the American Cafe where he paid him for the liquor, placed it under his coat, walked to the door of the cafe and entered. Appellant further testified that he and his mother had been feeling bad, and that she had asked him to get her some whisky. Other witnesses for appellant gave testimony supporting his theory.

We are unable to reach the conclusion that the evidence is insufficient to support the conviction. Appellant's affirmative defense was submitted in the charge of the court in a manner which evidently met his approval. In concluding that appellant did not transport the whisky for medicinal purposes, the jury were within their province. The state's testimony was amply sufficient to support the theory that appellant unlawfully transported the liquor. It may be added that the fact that appellant resisted arrest and attempted to run by the sheriff was a circumstance the jury were at liberty to consider as tending to show his guilt.

When the case was called for trial, appellant presented his application for a continuance, wherein he alleged that he was not ready for trial because of the absence of the witnesses Bruce Hicks, Whittington and Watkins. It was averred in the application that appellant expected to prove by the witness Hicks that he was with appellant at the time he purchased the whisky and heard appellant state to the bootlegger that he wanted the whisky for the use of his sick mother, as medicine. The other witness would have testified, according to the averments in the application, that they saw appellant purchase the liquor from a bootlegger. It

appears from the record that the indictment was returned on March 17, 1930. Appellant was arrested on the same date and incarcerated in jail where he remained until March 18th, at which time he was released and went to his home. On the 21st of March appellant made application to the district clerk for the issuance of subpoenas for the witnesses, requesting that such subpoenas be made returnable on the 24th of March, 1930. Attached to the application was the subpoena for the witness Whittington, which, according to the return of the sheriff, was not executed because the witness could not be located in Pecos, Texas. A telegram attached to the application shows that the witness Watkins could not be located in Waco, Texas. The application fails to recite that process was issued for the witnesses Hicks and Watkins. If subpoenas were issued for said witnesses, it is not shown that they were placed in the hands of the proper officer for service. If the bills of exception relating to the refusal of the court to grant the continuance should be considered, it is doubtful whether the application shows sufficient diligence on the part of appellant to secure the presence of the witnesses.

Touching the bills of exception, it is observed that the application for continuance is not set out in said bills. It is merely recited that appellant presented his first application for a continuance when the case was called for trial, and that the court overruled same, to which action appellant took his exception. It is the holding of this court that bills of exception relating to the refusal to grant an application for a continuance must set out the application. The present bills fail to meet such requirement, in that the application is not set out in detail or in substance. Texas Jur., vol. 4, p. 365; Pena v. State, 1 S. W. (2d) 1095; Lucera v. State, 1 S. W. (2d) 633.

Bill of exception No. 1, as qualified by the court, shows that the application for a continuance was granted to the extent of ordering a postponement of the trial. Appellant presented the same application at the time the case was called for trial a second time. Although appellant denominated it a first application for a continuance it was a subsequent application, under the facts stated, and we must appraise it in the light of the statute and decisions relating to subsequent applications. Brannan v. State, 1 S. W. (2d) 279. The application being a second request for a continuance is fatally defective in omitting to aver that the testimony expected from the absent witnesses could not be procured from any other source known to the defendant. Brannan v. State, supra; article 544, C. C. P. Being fatally defective in the respect mentioned, the trial court was justified in overruling it.

Appellant attached to his motion for a new trial the affidavit of the witness Hicks to the effect that he was present when appellant purchased the whisky from the bootlegger, and that appellant stated to the boot-

legger that he was buying the whisky for his sick mother. The application being fatally defective in the respect hereinbefore mentioned formed no basis for a complaint in a motion for new trial on account of the denial of the continuance in the first instance. Brannan v. State, supra. It may be added that an examination of appellant's testimony fails to show that he stated to the bootlegger that he was buying the whisky for his sick mother. He testified that he told the bootlegger that he wanted some whisky for his mother.

Where a party is arrested, or sought to be arrested, for an offense, and resists the arrest, it is a legitimate fact to be proved. Silver v. State, 8 S. W. (2d) 144. Under this rule appellant's objection to the testimony of the sheriff touching appellant's attempt to run over him and the scuffle he had with appellant was properly overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Relying upon the case of Riddle v. State, 272 S. W., 165, appellant insists that the evidence does not support the conviction of guilt. That the appellant transported liquor was conceded. He depended upon his own testimony and that of his mother to the effect that the whisky was for medicinal purposes. The exculpatory testimony coming from witnesses who were interested in the defense cannot be regarded as conclusive against the state. Such announcement has been made in many cases, among them Hawkins v. State, 99 Texas. Crim. Rep., 569. In the case of Riddle v. State, supra, the inculpatory facts were circumstantial and the exculpatory evidence came from interested witnesses.

The conclusions touching the other questions raised in the motion are regarded as properly disposed of in the original opinion.

The motion is overruled.

*Overruled.*