SKEET HOOD v. THE STATE.

No. 15178. Delivered April 20, 1932.

The opinion states the case.

*M. C. Martin,* of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for eighteen months.

C. W. Webb, a deputy sheriff of Motley county, testified that he went to appellant's home in the county of the prosecution and bought a pint of whisky from appellant, paying him therefor $1.50. He testified, further, that he delivered the whisky to the sheriff of Cottle county. In the latter matter the witness was corroborated by the sheriff of Cottle county.

Appellant did not testify in his own behalf, but introduced his wife and other witnesses who testified that they were with appellant at the time the state's testimony showed that appellant sold the whisky, and that state's witness did not come to the house and did not purchase any whisky from appellant.

The only bill of exception in the record relates to the refusal of the court to continue the case. It is recited in the bill of exception that appellant filed his first motion for a continuance based on the absence of two witnesses, supported by proper affidavit, and that the court overruled the motion. The motion is not set out in the bill of exception. The court qualified the bill with the statement that appellant was arrested on the third day of December, 1931, and that no application or subpoenas were attached to the motion for continuance, and that no diligence was shown. The bill is insufficient in failing to set out the application for continuance. A bill of exception complaining of the denial of an application for a continuance must set out the application, or refer to that part of the record in which the application is found. Texas Jurisprudence, vol. 4, p. 365; Pena v. State (Texas Crim. App.), 1 S. W. (2d) 1095; Wheeler v. State, 118 Texas Crim. Rep., 358, 42 S. W. (2d) 69; Lemcke v. State, 86 Texas Crim. Rep., 386, 217 S. W., 150.

If the bill should be considered, the fact that the qualification of the court shows that no diligence was used would prevent this court from ordering a reversal. The burden was upon appellant to establish diligence in support of his application. Branch's Annotated Penal Code, sec. 314; Long v. State, 58 Texas Crim. Rep., 28, 124 S. W., 651. If we were permitted to aid the bill by considering the application found in another part of the record, and not referred to in the bill, we would find there is no statement in the application showing the exercise of diligence. The statute requires that the application state the diligence which has been used to procure the attendance of the witness. Subdivision 2 of

article 543, C. C. P.; Massie v. State, 30 Texas Crim. Rep., 64, 16 S. W., 770; King v. State, 67 Texas Crim. Rep., 63, 148 S. W., 325. No application for the witnesses or subpoenas are attached to the application.

In pronouncing sentence—the court failed to make application of the provision of the Indeterminate Sentence Law (Code Crim. Proc., 1925, art. 775). The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than one year nor more than one and one-half years.

As reformed, the judgment is affirmed.

*As reformed, affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.