O. L. FORTNER V. THE STATE.

No. 15630.   Delivered March 8, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 415.

The opinion states the case.

*W. L. McConnell,* of Panhandle, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, one year in the penitentiary.

The record fails to show that any notice of appeal was given. Without proper notice of appeal, this court is without jurisdiction. Article 827, C. C. P., 1925; Hollifield v. State, 10 S. W. (2d) 101; Sandoval v. State, 106 Texas Crim. Rep., 468, 293 S. W., 168.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—On March 8, 1933, a dismissal was ordered for want of jurisdiction, there appearing in the record no notice of appeal. A motion to reinstate the appeal was filed, accompanied by a copy from the judge's trial docket stating that notice of appeal was given as indicated in the original opinion. The matter is controlled by article 827, C. C. P., 1925, in which it is said in substance that if notice of appeal is given but not entered of record, then by making proof of such fact, the judge trying the case shall cause the notice to be entered in the minutes of the court, and *"said entry when so made shall bear date as of date when notice of appeal was actually given in open court."* By following the direction in the statute, the appellant would be entitled to have notice of appeal entered. See Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 197; Bryson v. State, 20 S. W. (2d) 1047. Copy of docket entry in record on appeal has been declared insufficient notice of appeal. See Casey v. State, 116 Texas Crim. Rep., 111, 32 S. W. (2d) 461; Ex parte Maple, 116 Texas Crim. Rep., 383, 33 S. W. (2d) 734; Wheeler v. State, 42 S. W. (2d) 69. This court is without jurisdiction in the absence of proper notice of appeal. See Stewart v. State, 113 Texas Crim. Rep., 182, 18 S. W. (2d) 629; Bales v. State, 18 S. W. (2d) 1086.

The motion to reinstate the appeal is overruled.

*Overruled.*