State, 108 Tex. Cr. R. 147, 300 S. W. 64; Hallman v. State, 113 Tex. Cr. R. 100, 18 S.W.(2d) 652; Warner v. State, 118 Tex. Cr. R. 351, 42 S.W.(2d) 616; Wilson v. State (Tex. Cr. App.) 59 S.W.(2d) 399. We are compelled to hold the complaint filed in this case to charge no offense against a sufficient law of this state, or a sufficient ordinance of the city of Houston.

The relator will be ordered discharged.

## CARRE v. STATE.
### No. 16930.

Court of Criminal Appeals of Texas.
Oct. 17, 1934.

Cecil C. Rotsch, Asst. Cr. Dist. Atty., of Fort Worth, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

Upon conviction for a misdemeanor, a fine of $50 was assessed against appellant.

While it appears that notice of appeal was given, there is nothing to show that said notice was recorded in the minutes of the court as required by law. See article 827, C. C. P. This should appear from a certificate of the clerk, but in the present instance it merely appears that the instrument containing notice of appeal was filed. The appeal must be dismissed. Rodgers v. State, 85 Tex. Cr. R. 421, 213 S. W. 637; Wheeler v. State, 118 Tex. Cr. R. 358, 42 S.W.(2d) 69.

The appeal is dismissed. Appellant is granted 15 days from this date in which to perfect the record.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.