### J. H. PORTWOOD AND OTHERS v. F. C. WILBURN.

1. It was error to permit a plaintiff to amend his petition after he had taken judgment by default, and without having the default set aside.

2. Citations are materially defective and wholly insufficient to authorize a judgment by default, unless they contain the names of each and every defendant in the cause.

ERROR from Karnes. Tried below before the Hon. J. B. Hurd.

*S. G. Newton*, for plaintiff in error.

*L. S. Lawhon*, for defendant in error.

OGDEN, J.—Suit was instituted in the court below against several defendants, and the citation issued to each contained only the name of the one defendant for whom the same was issued, and service of these defective citations was had on all the defendants, excepting perhaps one; and at the next term of the district court judgment by default was entered against all the defendants so served. The statute requires that the citation shall state the names of the parties to the suit; and we have decided at this term of the court, in the case of J. M. Rogers *et al.* v. I. N. Green, in strict conformity with repeated former decisions, that the citation must contain the names of all the parties defendants to the suit. The citations issued in this cause were therefore materially defective, and wholly insufficient to authorize a judgment by default against any one, and the judgment of the district court was therefore erroneous, and must be reversed.

We are further of the opinion that the court erred in permitting the plaintiff, after taking a default and obtaining a writ of inquiry, to file an amended petition. Article 54, Paschal's Digest, reads as follows: " The pleadings in all suits may be amended, under

the direction of the court, and upon such terms as may be prescribed, at any time before the parties announce themselves ready for trial, and not thereafter."

It is believed that the asking for a judgment by default is in fact announcing that the plaintiff is ready for trial and for the judgment of the court, on the complaint and allegations of the pleadings then on file. The default closes all further pleadings; the defendant is precluded from filing any defense whatever, and the plaintiff must recover, if at all, on his cause then before the court. Either plaintiff or defendant, for good cause shown upon motion, may have a default set aside and the cause opened before final judgment, and this would have been the proper course for the plaintiff in this case; there would then have been no question of his right to amend his petition, nor the right of the defendant to answer the original and amended petition. But the cause as tried admitted a complaint against the defendant, which he could not answer, and against which he could not defend himself. For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.