R. W. HARRYMAN ET AL. v. THE STATE.

No. 64. Decided November 3, 1909.

**Recognizance—Judgment Nisi—Scire Facias—Service—Judgment by Default.**

Where the officer's return on the *scire facias* did not show that each of the defendants were served in person with a true copy of the writ, giving the date and place of such service, a judgment by default to make final a judgment *nisi* could not be sustained. Following Fulton v. State, 14 Texas Crim. App., 32, and other cases.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a judgment by default upon a judgment nisi against the principal and his sureties of $400.

The opinion states the case.

*Scott & Foster,* for appellants.—Cited authorities in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a suit by the State of Texas forfeiting a recognizance bond entered into by Roy Harryman, principal, and

J. C. Couch, R. W. Harryman and Lee Son, sureties, in a case appealed from the County Court of Brown County, Texas, and in the course of which forfeiture judgment nisi was taken at the July Term, 1908, of the County Court of Brown County, upon which judgment nisi a scire facias was issued to said parties, commanding them to show cause at the October Term, 1908, of said court, why such judgment nisi should not be made final, and they failing to answer, the judgment was made final by default at the said October Term, 1908, of said court.

The first error assigned is that the court erred in rendering judgment by default against defendants J. C. Couch, Lee Son, and R. W. Harryman, because the officer's return is insufficient to support the judgment by default, being as follows, to wit: "Came to hand 22d day of August, 1908, and executed on J. C. Couch 22d day of August, 1908, in Brownwood, Texas. Served on R. W. Harryman September 2, 1908, in Brownwood, Texas; Lee Son 4th day of November, 1908, at 2:30 p. m., in Brownwood, Texas. (Signed) Frank Emison, Sheriff, by O. E. Kitchen, Deputy." Appellants contend that to support the judgment by default, the officer's return on the scire facias must show that each of the defendants were served in person with a true copy of the writ, giving the date and place of such service. This contention is correct. Art. 480, White's Code of Criminal Procedure; Batt's Annotated Civil Statutes, art. 1225; Fulton v. State, 14 Texas Crim. App., 32; Rutherford et al. v. Davenport et al., 16 S. W. Rep., 110; Russell et al. v. Butler et al., 71 S. W. Rep., 395.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*