### W. W. AYERS ET AL. v. THE STATE.

#### No. 1706.   Decided April 17, 1912.

**1.—Bail Bond—Notice of Appeal—Jurisdiction.**

Where the notice of appeal from a final judgment on a forfeited bail bond was given to the Court of Civil Appeals, the same conferred no jurisdiction on this court.   Following Thomas v. State, 56 Texas Crim. Rep., 246.

**2.—Same—Writ of Error—Transcript.**

Where defendant filed his petition for writ of error upon a judgment final on a forfeited bail bond, but the transcript in said cause was not filed in the Appellate Court within ninety days from the date of the filing of said petition, the same could not be considered.   Article 962, Code Cirminal Procedure.   Following Hollenbeck v. State, 40 Texas Crim. Rep., 584, and other cases.

Appeal from the District Court of Kent.   Tried below before the Hon. Cullen C. Higgins.

Appeal from a final judgment of $2,000 on forfeited bail bond. The opinion states the case.

*W. W. Hamilton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—In this case the District Court of Kent County, at the April term in 1910, forfeited the bail bond of W. H. Stricklin, with W. W. Ayers and J. N. Shepherd as sureties thereon, and at the October term the nisi judgment was made final.   To the judgment of the court the defendants Ayers and Shepherd in open court excepted and gave notice of appeal to the Court of Civil Appeals of the second Supreme Judicial District at Fort Worth.   This notice being given to the Court of Civil Appeals conferred no jurisdiction on this court. (Thomas v. The State, 56 Texas Crim. Rep., 246.)

October 10, 1911, defendants Ayers and Shepherd filed in the District Court of Kent County a petition for writ of error, reciting that notice of appeal was given to the Court of Civil Appeals, but in the petition thus filed stated they desired to remove said judgment to this court for revision, and filed a bond with the clerk of the District Court conditioned as required by law.   The transcript in said cause was not filed in this court within ninety days from the date of filing the petition in the District Court, and while article 961 of the Code of Criminal Procedure provides that such judgments may be revised upon writ of error, as in civil suits, yet article 962 provides that the proceedings shall be regulated by the same rules that govern in civil actions where a writ of error is sued out, and under the rules adopted by the Supreme Court for the government of the Courts of Civil Appeals, where a transcript is not received within ninety days and no

showing made why same was not forwarded within that time, the case can not be considered by this court. In fact, none of the rules prescribed by the Supreme Court for the government of appeals or writs of error have been complied with; no brief was filed in the court below, as shown by this record, and it is in such condition that under the rules and the decisions of this court and of the Supreme Court the cause must be dismissed. Hollenback v. State, 40 Texas Crim. Rep., 584; Carleton v. State, 68 S. W. Rep., 511.

Motion of Assistant Attorney-General is sustained, and the writ of error is dismissed.

*Dismissed.*