A. Q. Finley et al. v. The State.

No. 6222.   Decided April 27, 1921.

Scire Facias—Return—Citation—Defective Service—Default Judgment.

Where the return upon the citation in a *scire facias* case was as follows: "Came to hand the fifteenth day of June, 1920, at five o'clock P. M.; executed 18th October, 1920, by delivering to A. Q. Finley and A. H. Hancock in person, a true copy of this writ," the same was insufficient in not showing that each of the sureties was served with the writ of *scire facias*, and does not support a judgment by default. Following Fulton v. State, 14 Texas Crim. App., 32, and other cases.

Appeal from the District Court of Cooke.   Tried below before the Honorable C. R. Pearman.

Appeal from a forfeited bail bond in the sum of $500.

The opinion states the case.

*J. T. Adams,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—L. J. Hancock was under indictment in Cooke County for the fraudulent disposition of mortgaged property, and entered into bond with the appellants herein, A. Q. Finley and A. H. Hancock as sureties.   When the case was called for trial the defendant failed to appear; bond was forfeited and judgment *nisi* rendered; *scire facias* writ was served on the sureties, and bears the following return by the sheriff: "Came to hand the 15th day of June, 1920, at 5 o'clock P. M.; executed 18th October, 1920, by delivering to A. Q. Finley and A. H. Hancock in person a true copy of this writ."

At the next term of court judgment final by default was rendered. The sureties are seeking to have the matter reviewed by writ of error proceeding.   Petition for writ of error was filed in the District Court of Cooke County on February 17, 1921, and the transcript is on file in this court within the 90 days required by the rules of the Supreme

Court in Civil Cases, and briefs have been filed both in this court and the court below. Plaintiffs in error have brought themselves within the rules laid down in case of Ayers v. State, 66 Texas Crim. Rep., 281, 146 S. W. Rep., 171. Under Arts. 960, 961 and 962, Vernon's C. C. P. the sureties may bring the case to this court for review, either by direct appeal, or by writ of error. Complaints are made as to the form of the judgment *nisi*, and final judgment, but we do not discuss them, merely calling attention to the criticism in order that the defects may be corrected or avoided in subsequent proceedings.

The first assignment is that the court below erred in rendering final judgment because it does not appear from the officer's return that the sureties were *each* served with copy of the *scire facias* writ. The assistant attorney general properly confesses error. Art. 492, Vernon's C. C. P.; Fulton v. State, 14 Texas Crim. App., 32, where the return is almost an exact duplicate of the one in the instant case: Couch v. State, 57 Texas Crim. Rep., 134; Harryman v. State, 57 Texas Crim. Rep., 204; Mansfield v. Security Trust Co., 175 S. W. Rep., 771; Kellam v. Trail, 185 S. W. Rep., 988; Holliday v. Steele, 65 Texas, 388.

By all the foregoing authorities and many others which could be cited, the service was insufficient to support a judgment by default, and the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*