### EX PARTE LUKE MOORE.

No. 11685.   Delivered February 22, 1928.

**Habeas Corpus—Notice of Appeal—How Given.**

In order for the jurisdiction of this court to attach, notice of appeal must be given in the trial court to the Court of Criminal Appeals of Texas.  Notice of appeal to the Court of Civil Appeals of Texas is insufficient.  This notice must be given in habeas corpus cases as in other appeals.  See Art. 827, C. C. P.; Danley v. State, 224 S. W. 888; Ex Parte Christian, 268 S. W. 160, and Ex Parte Barrier, 17 Tex. Crim. App. 585.

Appeal from the District Court of Rockwall County.  Tried below before the Hon. Joel R. Bond, Judge.

Appeal upon a writ of habeas corpus and from an order of the District Court of Rockwall County remanding appellant to the custody of the sheriff.   Dismissed.

The opinion states the case.

*H. M. Wade* of Rockwall, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant applied for release upon a writ of habeas corpus and from an order of the District Court of Rockwall County remanding him to the custody of the sheriff he prosecutes this appeal.

Appellant gave notice of appeal to the Court of Civil Appeals of Texas. This notice is insufficient. Article 827, C. C. P., requires that notice of appeal be given. Failure to give such notice is fatal, and the Court of Criminal Appeals in such case has no jurisdiction of the appeal. Danley v. State, 224 S. W. 888; Albrecht v. State, 215 S. W. 327, and authorities cited.

It is necessary that notice of appeal be given in appeals in habeas corpus cases. Ex Parte Christian, 268 S. W. 160; Ex Parte Barrier, 17 Tex. App. 585.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.