JACK CASEY v. THE STATE.

No. 13441. Delivered June 11, 1930.
Reported in 32 S. W. (2d) 461.

This case *originated* in the county court. The opinion states the case.

*G. C. Lowe* of Woodville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for hunting squirrels at a time not permitted by the law, punishment being a fine of $15.00.

The record contains no such notice of appeal as will clothe this court with jurisdiction under Art. 827, C. C. P., which requires the notice "to be entered of record." The transcript shows a "docket entry" of a notice of appeal but if this was ever carried into the court minutes it is not so shown. Haynie v. State, 92 Tex. Cr. R. 45, 241 S. W. 478, and cases therein cited. See also Sandoval v. State, 106 Tex. Cr. R. 468, 293 S. W. 168.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant moves a reinstatement of his appeal, filing with his motion a certified copy of the minutes of the trial court showing therein that his notice of appeal was duly entered of record upon the overruling of his motion for new trial. The copy of the notice appearing recites that "Defendant excepts and gives notice of appeal." It is brought to our attention that in Thweat v. State, 110 Texas Crim. Rep. 603, and possibly other cases passed on before we wrote in Blackman v. State, 20 S. W. (2nd) 783, we followed some cases holding that a notice of appeal would not be sufficient unless it expressly set forth that it was to "The Court of Criminal Appeals." Art. 827, C. C. P., which re-

lates necessarily to the notice of appeal to be given in criminal cases, provides in terms that "An appeal is taken by giving notice thereof in open court * * * and having the same entered of record." While strict compliance with the law is properly required, no more should be demanded, and nowhere do we find any statute making it necessary that the notice of appeal specify in criminal cases that such notice is to the Court of Criminal Appeals. The appeal in such character of case could be to no other court than the Court of Criminal Appeals if the final trial be in a court of record in this State. We reaffirm what we said in Blackman's case, supra, and overrule all cases holding to the contrary.

Under its facts this is a case dependent wholly on circumstantial evidence. Appellant with two companions, all of whom lived in Beaumont, camped near an old road in Tyler county. Rayburn, one of the party, took his gun and went to the woods. Appellant and Milam, the other two present, took a glass jar and went to a creek for water. They carried their guns. After filling the jug they sat down on the creek bank. Milam presently went back to camp as it was near night. Appellant waited until Rayburn came by and the two walked back to camp together. Rayburn had a squirrel. When they got to the car, Brown, the game warden, was there. Brown said Rayburn had a gun and a squirrel; that appellant had a gun and a glass jug of water. Based largely on what he saw, Brown expressed the opinion while on the witness stand that appellant was hunting squirrels. Apparently upon this appellant was convicted of violating the game law by hunting squirrels in Tyler county out of season. Brown should not have been permitted to express the opinion referred to. It was the province of the jury to hear what the witness swore as to what he saw or heard, and then determine from such testimony whether same was sufficient to satisfy them beyond a reasonable doubt that appellant had in fact hunted squirrels at the time and place mentioned. If appellant and Milam told the truth, appellant was not guilty of such hunting.

The opinion expressed by Brown was at most but an inference based on the circumstances of seeing appellant come from the creek carrying a gun and a glass jug of water, in company with Rayburn who had a gun and a squirrel. In this condition of the record appellant excepted to the court's charge for its failure to submit the case upon the law of circumstantial evidence, and also excepted to the refusal of a special charge presented by him correctly setting

forth the law of such character of case. We are of opinion the learned trial judge fell into error in declining to give a charge on circumstantial evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.