E. M. Fletcher v. State.

No. 25347. June 13, 1951.
Appellant's Motion to Reinstate Appeal
Denied October 10, 1951.

336

Hon. R. L. Templeton, Judge Presiding.

W. M. Tucker, Wellington, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the sale of whiskey in a dry area, wherein the punishment was assessed by the jury at a fine of $400.

Notice of appeal was given on March 21, 1951, when the motion for new trial was overruled.

The recognizance entered into by appellant and his sureties bears date of March 19, 1951, and appears to have been approved and entered on March 20, 1951, which was before the notice of appeal was given, and in fact before the motion for new trial had been filed.

Until an appeal has been taken, the trial court is not authorized to permit the accused to enter into a recognizance on appeal. See Hallman v. State, 113 Tex. Cr. R. 100, 18 S.W. 2d 652.

In the absence of a sufficient appeal bond or recognizance or a showing that appellant is in jail, this court is without jurisdiction of the appeal. See Locke v. State, 154 Tex. Cr. R. 104, 225 S.W. 2d 179; Brackeen v. State, 154 Tex. Cr. R. 98, 225 S.W. 2d 180.

The appeal is dismissed.

Opinion approved by the court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

Appellant moves to reinstate his appeal, insisting that the recognizance was properly entered into.

No necessity exists to determine this question, for, in addition to the defective recognizance, no notice of appeal was properly given in the trial court.

The notice of appeal appears as a memorandum by the trial judge attached to appellant's motion for new trial.

Under the mandatory provisions of Art. 827, C. C. P., notice of appeal in a criminal case must be entered of record, which means in the minutes of the court.

The motion to reinstate the appeal is overruled.

Opinion approved by the court.