### BRAUN v. STATE.

### No. 26328.

Court of Criminal Appeals of Texas.

March 25, 1953.

On Motion to Reinstate Appeal May 13, 1953.

Watson C. Arnold, Waco, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was adjudged guilty of the misdemeanor offense of false imprisonment by assault and violence, and his punishment was assessed by a jury at 365 days in jail.

Appellant's notice of appeal recites merely that he "gives this his notice of appeal."

■ Under authority of Blackman v. State, Tex.Cr.App., 20 S.W.2d 783, and Casey v. State, 116 Tex.Cr.R. 111, 32 S.W. 2d 461, the notice is sufficient although the Court of Criminal Appeals was not named.

The later case of Allen v. State, 138 Tex. Cr.R. 523, 137 S.W.2d 780, holding to the contrary is now expressly overruled.

■ Having given notice of appeal from the misdemeanor judgment of conviction, the law required that appellant enter into a recognizance or bond on appeal, or remain in custody. We find no recognizance or appeal bond in the record and it is not shown that appellant is in jail.

In this condition of the record we are without jurisdiction to enter any order other than to dismiss the appeal. See Fletcher v. State, Tex.Cr.App., 242 S.W.2d 377.

The appeal is dismissed.

On Motion to Reinstate Appeal

MORRISON, Judge.

The appellant has made a sufficient showing to this Court that he is in confinement pending this appeal. The appeal is now reinstated.

We have before us what purports to be a statement of facts adduced on a hearing of appellant's motion in arrest of judgment. It does not bear the approval of the trial judge or of counsel.

Under the provisions of Article 759a, Vernon's Ann.C.C.P., a statement of facts must be agreed to by the defendant or his counsel and the attorney for the State, if it is not approved by the trial judge. Section 6 of the Act provides that the statute shall apply to all statements of fact relating to any motion heard in the case.

The statement of facts before us therefore cannot be considered.

The proceedings appearing regular and nothing being presented for our review, the judgment is now affirmed.