Maude PAULEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 27961.

Court of Criminal Appeals of Texas.

Jan. 18, 1956.

On Motion to Reinstate Appeal Feb. 29, 1956.

Bourne & Porter, by H. B. Porter, Dumas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for violation of the liquor law; the punishment, a fine of $250.

In the absence of a bond or recognizance on appeal, or a showing that appellant is in jail, we are without jurisdiction of this misdemeanor appeal. Braun v. State, 158 Tex.Cr.R. 394, 257 S.W.2d 708; Alexander v. State, Tex.Cr.App., 269 S.W.2d 682; Warren v. State, Tex.Cr.App., 269 S.W.2d 682.

The appeal is dismissed.

Opinion approved by the Court.

On Motion to Reinstate Appeal

PER CURIAM.

At a former date, this appeal was dismissed because of the absence of a bond or recognizance or a showing that appellant was in jail.

A proper appeal bond has been filed.

The appeal is reinstated, and the case is now properly before us.

The record contains no statement of facts or bills of exception, and nothing is presented for review.

The judgment is affirmed.