JOHN R. DOWD AND JOE JONES V. STATE

No. 31,639. March 9, 1960

Motion to Reinstate Appeal Overruled April 20, 1960

*Sanders, Scott, Saunders, Brian & Humphrey,* by *C. J. Humphrey,* and *Tabor Scott* of Counsel, Amarillo, for appellant.

*Lon Moser,* County Attorney, by *R. L. Templeton,* Assistant County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellants were convicted under multiple counts of the information of two separate offenses of false advertisement and each assessed punishment at a fine of $200.

The state moves to dismiss the appeals for want of jurisdiction on the ground that no notice of appeal was given by appellants and entered of record as required by Art. 827, V.A.C.C.P.

An examination of the record does not reflect that notice of appeal was given by the appellants and entered of record as required by Art. 827, supra.

In the absence thereof, this court has no jurisdiction to entertain the appeal. Fletcher v. State, 156 Tex. Cr. R. 335, 242 S. W. 2d 377.

Accordingly, the state's motion is granted and the appeals are dismissed.

Opinion Approved by the Court.

### ON MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

To supply the missing notice of appeal a certificate of the trial judge has been entered of record by nunc pro tunc order as of September 24, 1959.

The certificate so entered recites that following the return of the jury's verdict, on September 24, 1959, counsel for appellants stated in substance "we will not accept this; we will appeal the case."

Thereafter, on October 2, 1959, the defendants filed their motions for new trial which were considered and overruled by the court on Octboer 13, 1959.

In view of the filing and urging of motions for new trial after the statement of appellants' counsel above quoted, such statement must be construed only as announcing the intention to appeal which was insufficient. Price v. State, 164 Tex. Cr. R. 312, 299 S.W. 2d 141.

If appellants gave notice of appeal by the quoted statement, the notice was withdrawn when appellants filed and secured the ruling of the court on their motion for new trial.

Appellants' motion to reinstate the appeal is overruled.