RAY DON FORD V. STATE

No. 31,629. March 30, 1960
Motion for Rehearing Overruled June 1, 1960

DAVIDSON, Judge, dissented.

*McCarthy, Carnahan & Haynes,* Amarillo, for appellant.

*Lon Moser,* County Attorney, *Robert Templeton,* Assistant County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is contributing to the delinquency of a girl under 17 years of age; the punishment, 30 days in jail and a fine of $100.

The notice of appeal recites that the defendant gave notice of appeal to the Court of Civil Appeals at Austin, Texas.

Such notice was not in compliance with the statute and was insufficient to confer jurisdiction upon this court. Ex parte Moore, 109 Tex. Cr. R. 73, 3 S.W. 2d 86, Ayers v. State, 66 Tex. Cr. R. 281, 146 S.W. 171; Thomas Doekery v. State, 56 Tex. Cr. R. 246, 119 S.W. 846.

Supplemental transcript has been filed which contains the affidavit of one of the sureties. It adds nothing to the recognizance appearing in the transcript, which binds appellant and his sureties to abide the judgment of the Court of Criminal Appeals of the State of Texas.

We are bound by the notice of appeal entered of record in the trial court. If a proper notice of appeal was given in open court, as required by Art. 827 V.A.C.C.P., that statute provides the method by which its entry in the record may be obtained.

The state's motion to dismiss the appeal is granted and the appeal is dismissed.

DAVIDSON, Judge, (dissenting).

To my mind, the holding in the case of Blackman v. State, 20 S. W. 2d 783, is unanswerable, and shows that the appeal in this case ought not to be dismissed.

That case has been here overruled by the court, notwithstanding the fact that it was expressly approved as late as Braun v. State, 158 Tex. Cr. R. 394, 257 S. W. 2d 708. The case of Allen v. State, 138 Tex. Cr. R. 523, 137 S. W. 2d 780, holding contrary to the Blackman case and in keeping with the instant holding, was there expressly overruled.

The Blackman case announces the correct rule that inasmuch as there is only one court to which an appeal might be given in a criminal case all that is required of one desiring to appeal his case is to give notice of appeal in open court, as the statute, Art. 827, C. C. P., provides, and that no necessity exists to name any court, or the Court of Criminal Appeals, as the court to which the notice of appeal is given.

Here, when the appellant gave notice of appeal in open court and that notice of appeal was entered of record, he complied with the requirement of the law touching the giving of notice of appeal. The fact that the words "The Court of Civil Appeals, Austin, Texas" were added to that notice of appeal could not defeat the valid notice of appeal that had been given, because no authority existed to appeal the case to that court.

If the Court of Civil Appeals had jurisdiction of an appeal in a criminal case a different situation would have been presented, but such is not the law. When a defendant rises in open court and gives notice of appeal in his case, the law fixes the court, and the only court, to which that appeal goes for determination. The naming of the Court of Civil Appeals as the court to which the notice of appeal was given was therefore surplusage and should be rejected for that reason.

Here, this man has been denied the right to have his case heard upon appeal not because he did not do that which the law required of him—that is to give notice of appeal in open court—but because he went further than the law required and named a "civil" court rather than a "criminal" court. The only defect, then, lies in the use of the word "Civil" rather than "Criminal."

The injury which this appellant has received in the dismissal of his appeal and in not having his conviction reviewed is shown by the fact that the charge of the court upon accomplice testimony was error for which the conviction should have been reversed.

I dissent.