### GEORGE OMEL BAIN V. STATE

No. 31,627. March 30, 1960
Motion to Reinstate Appeal Overruled June 1, 1960

DAVIDSON, Judge, dissented.

*McCarthy, Carnahan & Haynes,* Amarillo, for appellant.

*Lon Moser,* County Attorney, *R. L. Templeton,* Assistant County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The notice of appeal appearing in the transcript recites that the "defendant in open court gave notice of appeal to the Court of *Civil* Appeals, Austin, Texas."

The state moves to dismiss the appeal, citing Ex parte Moore, 109 Tex. Cr. R. 73, 3 S. W. 2d 86, which sustains its position that such notice did not confer jurisdiction of the appeal on this court.

The more recent decisions holding that the statute does not require the notice of appeal to specify the court to which notice of appeal is given recognize that the statute must be strictly complied with. Braun v. State, 158 Tex. Cr. R. 394, 257 S.W. 2d 708; Blackman v. State, 20 S.W. 2d 783; Casey v. State, 116 Tex. Cr. R. 111, 32 S.W. 2d 461.

Such holdings are consistent with Ex parte Moore, supra, which has not been overruled. See also Ayers v. State, 66 Tex. Cr. R. 281, 146 S.W. 171; Thomas et al v. State, 56 Tex. Cr. R. 246, 119 S.W. 846.

The appeal is dismissed.

DAVIDSON, Judge (dissenting).

For the reason assigned in my dissenting opinion in Ford v. State, No. 31,629, (page 518 this volume), 335 S. W. 2d 606, this day decided, I enter my dissent here, in so far as applicable.