The more recent decisions holding that the statute, Vernon's Ann.C.C.P. art. 827 does not require the notice of appeal to specify the court to which notice of appeal is given recognize that the statute must be strictly complied with. Braun v. State, 158 Tex.Cr.R. 394, 257 S.W.2d 708; Blackman v. State, Tex.Cr.App., 20 S.W. 2d 783; Casey v. State, 116 Tex.Cr.R. 111, 32 S.W.2d 461.

Such holdings are consistent with Ex parte Moore, supra, which has not been overruled. See also Ayers v. State, 66 Tex. Cr.R. 281, 146 S.W. 171; Thomas & Dockery v. State, 56 Tex.Cr.R. 246, 119 S.W. 846.

The appeal is dismissed.

DAVIDSON, Judge (dissenting).

For the reason assigned in my dissenting opinion in Ford v. State, Tex.Cr.App., 335 S.W.2d 606, I enter my dissent here, in so far as applicable.

George E. BROOME, Appellant,

v.

STATE of Texas, Appellee.

No. 31628.

Court of Criminal Appeals of Texas.

March 30, 1960.

No attorney for appellant of record on appeal.

Lon Moser, County Atty., R. L. Templeton, Asst. County Atty., Amarillo, and Leon

B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The notice of appeal recites that the defendant gave notice of appeal to the Court of Civil Appeals at Austin, Texas.

Such notice is not in compliance with Art. 827, Vernon's Ann.C.C.P. and is similar to the notice of appeal given in Bain v. State, Tex.Cr.App., 335 S.W.2d 607, which was held insufficient to confer jurisdiction upon this court.

For such reason the State's motion to dismiss the appeal is granted and the appeal is dismissed.

Opinion approved by the court.

DAVIDSON, Judge (dissenting).

For the reason assigned in my dissenting opinion in Ford v. State, Tex.Cr.App., 335 S.W.2d 606, I enter my dissent here, in so far as applicable.