**Gilbert Olgen SALAZAR et al., Appellants,**

**v.**

**STATE of Texas, Appellee.**

**Terrance Wilson TURNEY et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 45724, 45725.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Edith P. Roberts, Austin, for appellants.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

These are appeals from judgments forfeiting bail bonds.

The parties to these causes through a joint motion, pray that they be reversed and remanded for the purpose of entering a compromise settlement.

■ Bond forfeiture appeals are governed by "the same rules that govern civil actions where an appeal is taken or a writ of error sued out". Article 44.44, Vernon's Ann.C.C.P.; Reeves v. State, Tex.Cr.App., 465 S.W.2d 757.

A judgment of reversal will be entered when parties to a civil cause on appeal, through a joint motion, request that the cause be reversed for the purpose of entering an agreed judgment. Butler v. State, Tex.Cr.App., 481 S.W.2d 907, and the cases cited therein.

The judgments are reversed and the causes remanded to the 167th District Court of Travis County, and the clerk is directed to issue mandates immediately upon the announcement of this decision.