**SURETY INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48851.**

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Oct. 30, 1974.

R. Norvell Graham, Jr., San Antonio, for appellant.

Charles R. Borchers, Dist. Atty. and Donato D. Ramos, Asst. Dist. Atty., Laredo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

■ This is a writ of error which presents for review a default judgment rendered in an appeal bond forfeiture proceeding. In this Court a writ of error is rare, but it may be used to review some bond forfeiture judgments. See Articles 44.42 and 44.43, Vernon's Ann.C.C.P.; Ayers et al. v. State, 66 Tex.Cr.R. 281, 146 S.W. 171 (1912); Finley v. State, 89 Tex. Cr.R. 224, 230 S.W. 420 (1921).

Article 44.42, V.A.C.C.P., provides:

"An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."

Article 44.43, V.A.C.C.P., provides:

"The defendant may also have any such judgment as is mentioned in the preceding Article, and which may have been rendered in courts other than the justice and corporation courts, reviewed upon writ of error."

■ The proceedings for the review of bond forfeiture cases are controlled by the law and the rules applicable for the review of civil actions. See Article 44.44, V.A.C. C.P.; Salazar v. State, 486 S.W.2d 323 (Tex.Cr.App.1972); Hayes v. State, 495 S.W.2d 897 (Tex.Cr.App.1973).

Article 44.44, V.A.C.C.P., provides:

"In the cases provided for in the two preceding Articles, the proceeding shall

be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out."

The State urges that the appellant is not entitled to proceed by writ of error because it participated in the actual trial of this case by filing answers and by filing a motion to set aside the judgment. The common law review by writ of error has been modified by our statutes and the Texas Rules of Civil Procedure. See Articles 2249, 2249a, and 2255, Vernon's Ann.Civ. St., Rules 359, 360, 361, 362, 363, Texas Rules of Civil Procedure.

Article 2249a, V.A.C.S., provides:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Section 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court."

▮ The appellant did not appear in the trial court until after the final judgment which is presented here for review had been rendered, and then it appeared by filing two answers and a motion to set aside the final judgment. The cases interpreting Article 2249a, V.A.C.S., make it perfectly clear that the filing of the answers and the motion to set aside the judgment would not constitute such a participation in the *actual trial* of the case that would preclude the appellant from obtaining review by writ of error. Lawyers Lloyd of Texas et al. v. Webb et al., 137 Tex. 107, 152 S.W.2d 1096 (1941); Thacker v. Thacker, 496 S.W.2d 201 (Tex.Civ. App.1973, writ dism'd); Phillips Petroleum Co. v. Bivins, 423 S.W.2d 340 (Tex.Civ. App.1967, writ ref. n. r. e.); Anglo Mexicana de Seguros, S.A. v. Elizondo, 405 S.

W.2d 722 (Tex.Civ.App.1966, writ ref. n. r. e.); Byrnes v. Blair, 183 S.W.2d 287 (Tex.Civ.App.1944, no writ); Petroleum Casualty Co. v. Garrison, 174 S.W.2d 74 (Tex.Civ.App.1943, writ ref. w. o. m.). The appellant has fully complied with the statutes and rules concerning this writ of error proceeding, having timely filed a proper petition for writ of error and bond in the trial court, and the proceeding is properly before us for consideration. Anglo Mexicana de Seguros, S.A. v. Elizondo, supra.

▮ It has been held that appeal by writ of error or a bill of review to set aside the judgment is the exclusive method by which a default judgment may be vacated or set aside. McEwen v. Harrison et al., 162 Tex. 125, 345 S.W.2d 706 (1961). The appellant's mode of review by writ of error constitutes a direct attack upon the default judgment, and the decisive question presented is whether there is error apparent on the face of the record which would vitiate the trial court's order. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App. 1962, writ ref. n. r. e.); Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, 476 S.W.2d 97 (Tex.Civ. App.1972, no writ).

▮ The appellant asserts that the citation was not in accord with the applicable provisions of law. While ordinarily presumptions are made in support of a judgment including the presumption of proper and lawful citation when the judgment so recites, no such presumption can be made in the direct attack upon a default judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.Ct.1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935); Alvarez v. Alvarez, 476 S.W.2d 353 (Tex.Civ.App.1972); Texaco, Inc. v. Mc-Ewen, supra. On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. The law is well settled that in order to uphold a default judgment

against attack based upon a claim of invalid process it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service. Hanover Modular Homes of Taft v. Corpus Christi B. & T., supra; Texaco, Inc. v. McEwen, supra.

The appellant specifically complains that the citation which was served upon it was defective because it did not allow the required time for answering the action against it and that the default judgment was taken prior to the time permitted by law for the answering of such an action.

Article 22.03, V.A.C.C.P., provides:

"Upon entry of judgment [nisi], a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final."

Article 22.04, V.A.C.C.P., provides:

"A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final."

Article 22.05, V.A.C.C.P., provides:

"Sureties shall be entitled to notice by service of citation, the length of time and in the manner required in civil actions; and the officer executing the citation shall return the same as in civil actions. It shall not be necessary to give notice to the defendant unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in the United States mail directed to the defendant at the address shown on the bond."

Rule 101, Texas Rules of Civil Procedure, in part, provides:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court . . ."

The judgment nisi in this case provides:

". . . that this judgment will be made final unless good cause is shown on the Monday next after the expiration of 20 days from the date citation is served . . ."

On June 19, 1973, a citation was issued but was returned unserved because the time for service had expired. On September 25th, another citation was issued, and the return shows it was served upon an agent of the appellant on October 1st. That citation required that the surety:

". . . be and appear before our 49th District Court of Webb, County, Texas, at the next term of said court, to be begun and holden at the courthouse of said County, in Laredo, Texas, on the third Monday in October, to-wit: October 15, A.D., 1973, then and there to show cause why said forfeiture should not be made final."

█ The default judgment before us for review was entered on October 15th, fourteen days after service of citation. Answers, both denominated original answers, were filed on October 23rd and October 29th. A judgment entered before the expiration of the minimum time required by the Rules for an answer to be filed is void. Lamesa Rural High School District v. Speck et al., 253 S.W.2d 315 (Tex.Civ. App.1952, writ ref. n. r. e.); Andrus v. Andrus, 168 S.W.2d 891 (Tex.Civ.App. 1943, no writ); cf. Wilson et al. v. Wilson et al., 378 S.W.2d 156 (Tex.Civ.App.1964, no writ).

█ The face of the record does not affirmatively show that the citation was

proper and regular; on the other hand, the record before us shows the citation was improper and that the judgment was untimely rendered. Therefore the default judgment is ordered vacated and set aside and the cause is remanded to the trial court.

Reversed and remanded.

Opinion approved by the Court.