Edmond J. GILBERT, Principal & A & A Bail Bonds, Surety

v.

The STATE of Texas, Appellee.

No. 66615.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 23, 1981.

Rehearing Denied Nov. 25, 1981.

Randolph M. Janssen, San Antonio, for appellants.

Patricia A. Elliott, Dist. Atty., and James Eidson, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

A petition for writ of error has been filed in this Court by Carl Collazo, d/b/a A & A Bail Bonds,[1] challenging the final default judgment upon forfeiture of an appearance bond that was posted by Bruce Embrey, "agent for A & A Bail Bonds."

The facts show that Edmond J. Gilbert, the principal on the bond, was charged with committing the offense of misdemeanor driving while intoxicated, and received, on September 13, 1979, "Deferred Adjudication Probation." Thereafter, on November 19, 1979, the State filed a "Motion to Revoke Probation and Adjudicate," alleging that Gilbert had violated certain terms and conditions of his probation. Gilbert was arrested but was permitted to be released upon posting bail in the amount of $4,500.00. On December 14, 1979, Gilbert signed a bail bond, as principal, with "A. & A. Bail Bonds," as surety, and was released from jail. The bail bond also bears the signature, above the word "Surety," of Bruce Embrey, and gives the address of "805 Dolorosa St. San Antonio, Texas." An affidavit is attached to the bail bond and it states in part: "Before me, the undersigned authority, a Notary Public, personally appeared A. & A. Bail Bonds," but is signed "Bruce Embrey, Affiant-Surety." The affidavit also reflects it was "Subscribed and sworn to before me [the notary public] this the 14th

---

1. The word "bond" appears in the record both in the singular as well as the plural form. We use the plural form unless otherwise indicated. The petition was originally filed in the trial court, see Rule 360, Texas Rules of Civil Procedure, and was processed to this Court pursuant to Art. 40.09, V.A.C.C.P.

day of December A.D. 1979, by Bruce Embrey agent A. & A. Bail Bonds." The Sheriff of Taylor County, Hon. Jack D. Landrum, by a deputy sheriff, approved the bail bond on December 20, 1979.

The State subsequently, on December 28, 1979, filed an "amended motion to revoke probation and adjudicate," and another arrest warrant for Gilbert issued. On January 17, 1980, Gilbert failed to appear for the hearing on the State's motion to revoke, and the trial court ordered the bail bond forfeited and entered a judgment nisi against Gilbert and "A & A Bail Bond, San Antonio, Texas," in the amount of $4,500.00.

A citation, together with a copy of the judgment nisi, issued on January 25, 1980, and on January 28, 1980, Sheriff Rudolph C. Garza of Bexar County, by a deputy sheriff, served the papers. The deputy's return reflects the citation was served "by delivery to the within named A & A Bail Bonds by del. Bruce Embrey Agent."

On February 1, 1980, Carl J. Collazo filed an "affidavit of surety to surrender" Gilbert. The affidavit reflects in part the following: "Before me, the undersigned authority on this day personally appeared "A & A Bail Bonds 805 Dolorosa San Antonio, Texas 78207," and is signed by Collazo, and sworn to before a notary public, Bruce Embrey, who presumably is the same Bruce Embrey mentioned above.

Another amended motion to revoke probation and adjudicate was filed, and later heard on March 12, 1980, after which the trial court adjudicated Gilbert's Guilt and assessed his punishment at 60 days confinement in the Taylor County jail, together with a fine of $250.00 and court costs.

On August 8, 1980, a final judgment by default was entered by the trial court making the forfeiture final. It reflects the following: "It is therefore ORDERED, ADJUDGED and DECREED that the State of Texas do have and recover of and from the said Edmond J. Gilbert as principal and *the said Bruce Embrey DBA A & A Bail*

*Bonds*,[2] San Antonio, Texas as sureties the sum of $4,500.00 Dollars ($4,500.00) and costs of suit, for all of which let execution issue." (Emphasis added)

■ We first address ourselves to the question whether this court has jurisdiction to entertain the petition for writ of error and find from our research that though rare, a writ of error may be used to review some bond forfeiture judgments. See *Surety Insurance Company of California v. State*, 514 S.W.2d 454 (Tex.Cr.App.1974). In fact, it has been held that an appeal by writ of error or a bill of review to set aside the judgment is the exclusive method by which a default judgment may be vacated or set aside. *McEwen v. Harrison et al.*, 162 Tex. 125, 345 S.W.2d 706 (1961). In *Surety Insurance Company*, supra, we said:

    \*    \*    \*    \*    \*    \*

It has been held that appeal by writ of error or a bill of review to set aside the judgment is the exclusive method by which a default judgment may be vacated or set aside. *McEwen v. Harrison et al.*, 162 Tex. 125, 345 S.W.2d 706 (1961). The appellant's mode of review by writ of error constitutes a direct attack upon the default judgment, and the decisive question presented is whether there is error apparent on the face of the record which would vitiate the trial court's order. *Texaco, Inc., v. McEwen*, 356 S.W.2d 809 (Tex.Civ.App.1962, writ ref. n. r. e.); *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97 (Tex.Civ.App.1972, no writ).

The appellant asserts that the citation was not in accord with the applicable provisions of law. While ordinarily presumptions are made in support of a judgment including the presumption of proper and lawful citation when the judgment so recites, no such presumption can be made in the direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.Sup.Ct.1965); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Alvarez v. Alvarez*, 476 S.W.2d

---

**2.** This is the first reference in the record to a "DBA." Embrey never signed the bail bond in the capacity of "DBA," merely "Affiant-Surety" and "agent A. & A. Bail Bonds."

353 (Tex.Civ.App.1972); *Texaco, Inc. v. McEwen*, supra. On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. The law is well settled that in order to uphold a default judgment against attack based upon a claim of invalid process it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service. *Hanover Modular Homes of Taft v. Corpus Christi B. & T.*, supra; *Texaco, Inc. v. McEwen*, supra.

\* \* \* \* \* \*

Thus, the petition for writ of error is properly before this Court for its consideration.

Petitioner "Carl Collazo d/b/a A & A Bail Bonds" complains that service of citation was never properly served and argues that "the service on Embrey does not show that he was in fact a person upon whom service could be had under any of the exceptions of the Rules of Civil Procedure. As a result, service was not properly [had] upon the Defendant-Surety [A & A Bail Bonds]."

It is axiomatic that a default judgment without proper service is void and subject to direct attack by petition for writ of error. *Camden Fire Ins. Co. v. Hill*, 276 S.W. 887, 890 (Tex.Com.App.1925). In order to uphold a default judgment which is directly attacked by writ of error, it is essential that there be a strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process. As A & A Bail Bonds neither filed a waiver of service of process nor made an appearance in the trial court prior to the rendition of the final judgment, it was therefore incumbent upon the State to show that the trial court acquired jurisdiction of A & A Bail Bonds by means of a valid issuance of citation, service and return thereof. See *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501, 503–504 (Tex.Civ.App. —Corpus Christi 1980, no writ).

Several age-old principles of law are applicable to this cause. They are: (1) "Citations are materially defective and wholly insufficient to authorize a judgment by default, unless they contain the names of each and every defendant in the cause." *Portwood v. Wilburn*, 33 Tex. 713 (1871). (2) "If the citation is defective in that regard, and a judgment by default be rendered without any amendments of the writ, the defendant may avail himself of the invalidity of such service on him on error in the Supreme Court." *Norvell v. Garthwaite*, 25 Tex. 584 (1860). (3) "And it is necessary that a summons should recite the names of all the defendants to an action, even though a copy of the petition be served, which petition named all the defendants." *Battle et al. v. Eddy*, 31 Tex. 368 (1868).

Due to the nature of the bail bond business, we add another. If the surety is an unincorporated business and is acting through an agent, then it is necessary for the citation to name the proper owner or owners of the business, for otherwise the person who makes and posts the bail bond for the business may be nothing more than the lowest employee of the company. Here, from what is in the record, Carl Collazo is the owner of A & A Bail Bonds and should have been named in the citation. From this record, Embrey may be nothing more than a "bond runner" for A & A Bail Bonds or he may be more, for all we know from this record.

The question that we must resolve quickly presents itself: "Will a citation which names a particular unincorporated business entity but is served by delivering to a purported agent of the entity, without specifying in the citation the nature of the agent's relationship to the entity, support a judgment by default?"

Where a judgment is granted by default, the defendant does not have his day in court, and this harsh procedure should not be indulged in unless the sheriff's return shows that there has been service in the manner required by the rules of

civil procedure. See *Hyltin-Manor Funeral Home, Inc. v. Hill, et vir*, 304 S.W.2d 469 (Tex.Civ.App.—San Antonio 1957, no writ). Improper service of citation is equivalent to no service. 46 Tex.Jur.2d "Process and Notice" Sec. 38, page 360 (1963). Although it is ordinarily essential that there be personal service on the named defendant, a person may be designated by the defendant to receive service on its behalf. However, in this cause, there is no showing whatsoever in the record that Embrey was authorized to accept service of citation for A & A Bail Bonds. There has not been a showing of compliance with Rule 106 of the Rules of Civil Procedure.

■ We find *Galveston, Harrisburg and San Antonio Ry. Co. v. Gage*, 63 Tex. 568, 572 (1885), to be dispositive of the question. Here, the citation gave no specific direction upon whom it was to be served, other than merely "A & A Bail Bond, San Antonio, Texas." It did not allege or state that Embrey was the local agent, authorized agent, agent in fact, apparent agent or ostensible agent of A & A Bail Bonds for purposes of service. In *Gage, Id.*, then Associate Justice Stayton pointed out that "in such cases, if there be no appearance for the defendant, a court ought to take no action until proof is made that the person served was really the local agent of the [company] sued, acting for it in the county in which the suit is brought."

And we are of the opinion that in all cases in which service is made on a person represented to be the agent of a corporation, the return should not be held conclusive of the fact that the person served was in fact the local agent, and that this fact may be put in issue by a sworn plea. (573).

Though here we deal with an unincorporated business entity, the same principle is applicable. So, in this case, though Embrey may be the lawful agent of A & A Bail Bonds and permitted to accept service for the company, this is not conclusively established by the return and that issue can be litigated.

The State, however, argues: "The State would contend that the manner in which the bond was executed would give rise to the presumption that Bruce Embrey held himself out to be an agent for A & A Bail Bonds for the reason that in the sworn portion of the bond Bruce Embrey is explicitly referred to as agent for A & A Bail Bonds." This argument must be rejected for several reasons, namely, there is no such presumption available if there is a direct attack upon a default judgment. Further, Embrey may have been authorized to sign and post the bail bond on behalf of and as agent for A & A Bail Bonds, but that is not the same as being authorized to accept service of citation for A & A Bail Bonds where it has been sued. In other words, it is not shown by this record that Embrey had unlimited authority to act as agent of A & A Bail Bonds. The validity of his authority to make the bail bond is not at issue. What is at issue is his authority, which is not shown on the face of the record, to have accepted the citation of service on behalf of A & A Bail Bonds when it was sued by the State of Texas on the bail bond forfeiture. It may very well be that Embrey has unlimited authority to act for the surety company, A & A Bail Bonds, and has authority to accept service of citation for the surety company. It may also be that A & A Bail Bonds has induced third persons, including the deputy sheriff who served Embrey, to believe Embrey is an agent with unlimited authority though he has not, either expressly or by implication, had that authority conferred upon him by A & A Bail Bonds. But, that is what is lacking here, and which issue should be resolved by the trial court and not this Court for we are not a fact finding body of the judiciary. "This Court is not a nisi prius court, and is without authority to hear evidence and from it determine issues of fact in any case save one involving the jurisdiction of this Court." *Ex parte Carlisle et al.*, 92 Tex.Cr.R. 495, 244 S.W. 611 (1922).

We find that the matter of investigating the question of Embrey's authority to accept service for and to act on behalf of A & A Bail Bonds is not only one which the trial

court may properly undertake but a duty which it should perform. See *Harmon & Reid v. Quin*, 258 S.W.2d 441 (Tex.Civ.App. —San Antonio 1953, no writ).

For the above and foregoing reasons, we hold that the service of citation upon Embrey, without more, is insufficient to support a judgment by default against A & A Bail Bonds. The face of the record does not affirmatively show that the citation was proper and regular to authorize service of citation upon Embrey. Under the rule that nothing essential by statute to the service of a citation should be left to inference in order to sustain a judgment by default, we reverse and remand the cause to the trial court for proceedings not inconsistent with this opinion. See also *Anglo Mexicana de Seguros, S.A. v. Elizondo*, 405 S.W.2d 722 (Tex.Civ.App.—Corpus Christi, 1966, writ ref'd n. r. e.); *Mansfield et al. v. Security Trust Co. of Houston*, 175 S.W. 771 (Tex.Civ.App.—San Antonio, 1915, no writ); and *Harryman et al. v. State*, 57 Tex.Cr.R. 204, 122 S.W. 398 (1909).

The default judgment is ordered vacated and set aside and the cause is remanded to the trial court. On remand, we call the trial court's attention to Rule 123, Texas Rules of Civil Procedure.

The judgment is reversed and the cause remanded.