CV3-695 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-695-CV




TRESSIE RUSSELL D/B/A AAA BAIL BONDS,



 APPELLANT


vs.





STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 93CV-235, HONORABLE FRED CLARK, JUDGE PRESIDING


 




PER CURIAM


 Tressie Russell d/b/a AAA Bail Bonds attempts to appeal the trial-court judgment,
signed November 8, 1993, by which the State of Texas obtained judgment against her for one
thousand dollars and costs as surety on a bail bond. Although bail-bond-forfeiture actions arise
out of criminal proceedings, the rules governing civil causes control perfection of an appeal. Tex.
Code Crim. Proc. Ann. art. 44.44 (West 1965); Surety Ins. Co. v. State, 514 S.W.2d 454, 455
(Tex. Crim. App. 1974); Scott v. State, 649 S.W.2d 354, 355 (Tex. App.--Eastland 1983, no
writ).

 The Clerk of this Court received the transcript on December 30, 1993. The
transcript contained, as a perfecting instrument, a notice of appeal that was filed November 18,
1993. The record shows no basis for appellant to be eligible to appeal by notice of appeal without
giving security for costs. Tex. R. App. P. 40(a)(2). To perfect her appeal, appellant's perfecting
instrument in the form of a cost bond, certificate of cash deposit in lieu of bond, or affidavit of
inability to pay was due thirty days from the date the judgment was signed. Tex. R. App. P.
41(a)(1). Therefore, the perfecting instrument was timely, but was not a proper perfecting
instrument.

 A court of appeals has jurisdiction over an appeal when an appellant files an
instrument in a bona fide attempt to invoke the appellate court's jurisdiction. Grand Prairie
Indep. Sch. Dist. v. Southern Parts, 813 S.W.2d 499, 500 (Tex. 1991). If an appellant makes a
bona fide attempt to invoke the court's jurisdiction, appellant may have an opportunity to amend
a defective instrument. See Walker v. Blue Water Garden Apartments, 776 S.W.2d 578, 581
(Tex. 1989). If, however, an appellant has no basis for using a notice of appeal as a perfecting
instrument, several courts have dismissed the appeal for lack of jurisdiction on the basis that the
appellant did not make a bona fide attempt to perfect an appeal. See Linwood v. NCNB, No. 5-92-196-CV, slip op. at 4 (Tex. App.--Dallas Feb. 1, 1994, no writ h.); Hosey v. County of Victoria,
852 S.W.2d 963 (Tex. App.--Corpus Christi 1993, no writ); Wilcox v. Seelbinder, 840 S.W.2d
680 (Tex. App.--El Paso 1992, writ denied). 

 Because of the somewhat hybrid nature of the bond-forfeiture proceeding, this
Court deemed the notice of appeal, which would have been used in an appeal from a judgment in
an ordinary criminal cause, to be a bona fide attempt to perfect an appeal under Grand Prairie. 
 The Clerk's office filed the transcript, and requested appellant to file an amended perfecting
instrument to be forwarded to this Court in a supplemental transcript by February 11, 1994.

 Appellant has not tendered an amended perfecting instrument. The record does not
show any basis for appellant to be exempt from giving security for appeal. Inasmuch as appellant
has not availed herself of the opportunity to amend the perfecting instrument nor shown herself
eligible to appeal without security, we conclude that we are without jurisdiction over the appeal. 
See Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 

 We dismiss this appeal for want of jurisdiction.



Before Justices Powers, Aboussie and Jones 

Dismissed for Want of Jurisdiction

Filed: March 16, 1994

Do Not Publish