# NO. 12-13-00369-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WELDON BOYCE BRIDGES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Appearing pro se, Weldon Bridges has filed an "application for writ of error." In his application, he requests this court to reverse the trial court's judgment of conviction and remand the case for a new trial, or vacate the trial court's judgment and dismiss the case. We dismiss the application.

Bridges alleges generally that he was arrested in 2008 for aggravated sexual assault of a child and appeared before a justice of the peace and a district judge without counsel present. He asserts further that he was arraigned without counsel present and signed a waiver of rights. He then identifies several objections that counsel would have made if present and concludes that these errors, along with the loss or destruction of part of the record, require relief from the judgment of conviction.

In substance, Bridges is seeking relief from a felony conviction that has become final. However, a writ of habeas corpus is the exclusive means to challenge a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West Supp. 2013); ***Bd. of Pardons & Paroles ex rel. Keene v. Eighth Dist. Court of Appeals***, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Only the court of criminal appeals has jurisdiction to grant postconviction habeas relief from a final felony conviction. *See **Keene***, 910 S.W.2d at 483.

Nevertheless, Bridges contends that article 44.43 of the code of criminal procedure grants this court jurisdiction to grant the relief he seeks. *See* TEX. CODE CRIM. PROC. ANN. art. 44.43

(West 2006).  This statute provides that "[t]he defendant may also have any such judgment as is mentioned in [article 44.42 of the code of criminal procedure]" reviewed upon writ of error if not rendered in a justice or corporation court.  *Id*.  Article 44.42 relates to the availability of appeal from every final judgment rendered "upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."  *Id*. art. 44.42 (West 2006).  The judgment Bridges attempts to challenge does not pertain to a bond.  Consequently, article 44.43 has no application here.  *See id*. arts. 44.42, 44.43; *cf*. **Surety Ins. Co. of Ca. v. State**, 514 S.W.2d 454, 455 (Tex. Crim. App. 1974) (holding that writ of error may be used to review some bond forfeiture judgments).

In summary, Bridges seeks relief from a final felony conviction, and this court does not have jurisdiction to grant the relief he requests.  Accordingly, we *dismiss* his application for writ of error.  All pending motions are overruled as moot.


**BRIAN HOYLE**
Justice


Opinion delivered December 12, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2013**

**NO. 12-13-00369-CR**

**WELDON BOYCE BRIDGES,**
Relator
v.
**HON. BARRY R. BRYAN**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the application for writ of error filed by **WELDON BOYCE BRIDGES**, who is the defendant in Cause No. CR-27979, pending on the docket of the 217th Judicial District Court of Angelina County, Texas. Said application for writ of error having been filed herein on December 5, 2013, and the same having been duly considered, because it is the opinion of this Court that this Court does not have jurisdiction and that the application for writ of error should be dismissed, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said application for writ of error be, and the same is, hereby **DISMISSED**. All pending motions are overruled as moot.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*